### W. R. WILDER v. FRANKLIN'S EXECUTOR.

The court in this case refused to enforce a claim which was stale, and which had the appearance of being "trumped up" against a dead man's estate.

APPEAL from the District Court of the parish of West Feliciana, *Merrick*, J. *Ratliff*, for plaintiff and appellant. *Brewer & Collins*, for defendant.

BUCHANAN, J. This is a claim for work and labor done, presented under circumstances so suspicious that two District Judges have rejected it.

The petition, filed in April, 1848, declares that plaintiff constructed in 1837 or 1838, for *Isaac Franklin*, on his plantation, two patent cisterns, value four hundred dollars, for which he was never paid. The proof in support of the claim is the testimony of two witnesses, each proving a different conversation, said to have taken place between plaintiff and *Isaac Franklin*, in March or April, 1846, in New Orleans, both conversations being of the same import, to-wit; that *Wilder* claimed of *Franklin* eight hundred dollars for the work which forms the object of this suit; that *Franklin* contended four hundred dollars was all that it was worth; that it was finally agreed between the parties that four hundred dollars should be paid, and received in full of the claim; and that *Franklin* promised to pay that sum on his return from his plantation, which would be in a few days. *Franklin* died on his plantation a short time afterwards—never having returned to town. The executor of *Franklin* pleads the general issue and prescription. The District Judge in his decision has commented with much reason, on the staleness of this demand. So long a period indeed had elapsed between the performance of the work and the judicial demand of payment, that plaintiff had forgotten, as his petition shows, in what year the work had been done. Taking the latest year mentioned by him, (1838) he suffered eight years to elapse before making any demand of payment of his debtor, one of the wealthiest men in the State: and at that late period, although his debtor confesses a certain sum due, which he, plaintiff, agrees to accept in full of his demand, the plaintiffs takes the precaution to have the acknowledgment and settlement repeated in the presence of different witnesses, without exciting any remark from *Franklin*, either as to the long period which had elapsed since the debt was incurred, or the pertinacity with which it was thus suddenly pressed. It is evident that both of the respectable District Judges who have passed upon this claim, regard it as trumped up and fictitious.

The evidence in support of it is pretended verbal admissions, the weakest kind of proof. These admissions come, moreover, from a mouth that is closed in death. Contradiction is, therefore, doubly impossible.

There is one circumstance about the evidence of the witnesses, by which the plaintiff has sought to establish his claim, that has particularly attracted our notice. The petition declares upon a contract for building two patent cement cisterns, "for which they (*Routh* and *Franklin*) agreed to pay petitioner two hundred dollars each." Yet the witness *Lockwood* says, "I was present when *W. R. Wilder* made a demand on Mr. *J. Franklin*, for cisterns built on his plantation, in West Feliciana. I know that Mr. *Wilder's* account amounted to near *eight hundred dollars*, and that Mr. *Franklin* refused to pay that

amount; they compromised after considerable talk. Mr. *Franklin* agreed to pay four hundred dollars, and that *Wilder* must look to *Routh* for the balance."

And the witness, *O'Blennis*, deposes as follows : " I know that plaintiff built the cisterns on the plantation of *Franklin* and *Routh*. When Mr. *Wilder* presented his claim against Mr. *Franklin*, amounting to nearly *eight hundred dollars*, Mr. *Franklin* objected te pay the whole amount, but said that he acknowledged that four hundred dollars was for work that he was willing to pay for—and he told to Mr. *Wilder*, that he was to look after Mr. *Routh* for the balance." Thus, each of plaintiff's witnesses declares his knowledge that plaintiff's account amounted to near eight hundred dollars, while the plaintiff alleges in the petition that the price contracted for, was two hundred dollars per cistern, making a total price of only four hundred dollars.

On the whole, we think that the Court of the first instance has done justice in rejecting the plaintiff's demand.

It is, therefore, adjudged and decreed, that the judgment of the District Court be affirmed with costs.