## BEATON v. WADE.

1. PARTNERSHIP — SURVIVORS.— An action for a firm debt cannot be maintained against the estate of a deceased partner, in the absence of proof of a final settlement between the surviving partner and the estate, and that the partnership assets are insufficient to pay the debt.

2. SALE OF MORTGAGED GOODS TO PAY DEBT — TO SUSTAIN AN ACTION FOR CONVERSION A SURPLUS OR BAD FAITH MUST BE SHOWN. An action brought to recover for an alleged surplus of a stock of goods delivered defendant on a bill of sale, to be resold by him and the proceeds applied in liquidation of the plaintiff's indebtedness, wherein the evidence fails to show the value of the stock so delivered, that a surplus of money or goods remained after payment of the debt, or that the defendant was guilty of bad faith in the disposal of the stock, cannot be maintained.

*Appeal from District Court of Chaffee County.*

FISH & BEATON were partners in mercantile business. Wade, who was carrying on a similar business, became financially involved, and thus embarrassed. He owed Fish & Beaton an aggregate indebtedness of $1,243, and,

desiring to insure their protection, made to them a bill of sale, with a nominal consideration of $2,500, absolute and unconditional in form, of his entire stock of goods. The stock of goods was duly delivered to Fish & Beaton, who proceeded to dispose of the same in the ordinary course of trade.

At the time of the foregoing transaction, and in connection therewith, an agreement or understanding was had between the parties concerning the holding of the goods, disposal of the same, and distribution of the proceeds therefrom. The facts, however, as to this understanding sufficiently appear in the opinion of the court. Fish & Beaton failed to account to Wade for any surplus after liquidating the debt mentioned and expenses incurred, or to return any portion of the goods to him. He brought the present action to recover from the estate of Beaton, one of the partners who had died since the transactions mentioned, the amount which he claimed as due him from the firm. His complaint contained five causes of action, the first two of which related exclusively to the matters above detailed. The remaining three counted upon claims of a wholly different character. It is unnecessary to describe them. Upon trial, judgment was rendered in plaintiff's favor; from which judgment the present appeal was taken.

Mr. G. K. HARTENSTEIN, for appellant.

Mr. T. M. S. RHETT, for appellee.

CHIEF JUSTICE HELM delivered the opinion of the court.

The complaint avers that a full and final settlement of all the partnership affairs had taken place between the surviving partner and defendant, as administrator of the estate of the deceased partner. This averment is denied and squarely put in issue by the answer, but no proof whatever was offered upon the subject. Plaintiff, there-

fore, is certainly in no better position than if his pleading had left the matter unmentioned. And the record nowhere advises us that the firm assets in the hands of the surviving partner were not sufficient to satisfy plaintiff's demand. But, so long as the partnership assets are ample, a debt of the firm *ex contractu* cannot be made out of the separate estate of a deceased partner. *Charles v. Eshleman*, 5 Colo. 107. See note 9, *597, Lindl. Partn.

Plaintiff, however, asserts that the present action is maintainable under the rule that, where a tort in the line of partnership business may be legally imputed to the partnership, especially if the firm receives benefit therefrom, the partners are each individually liable therefor. Lindl. Partn. *198, *283, and notes; Story, Partn. §§ 166, 167; *Durant v. Rogers*, 87 Ill. 508. Counsel advances the theory that there was a wrongful conversion by Fish & Beaton of goods, or proceeds therefrom, belonging to plaintiff. It is sufficient answer upon this branch of the case to say, as will more fully hereafter appear, that there is no evidence tending to establish such conversion.

It is difficult to determine from the record before us the exact conditions of the transfer to Fish & Beaton of the goods in question. But, discarding for the present defendant's claim of an absolute sale, and construing the pleadings, the evidence, and special findings of the jury, most favorably to plaintiff, we cannot sustain the judgment.

No verbal proof was offered showing, or tending to show, the real value of the stock of merchandise. The consideration mentioned in the bill of sale was $2,500 — a sum that must have been above rather than below such value. Fish & Beaton were authorized to take possession, and proceed to dispose of the goods in the ordinary course of trade. They were either to sell all, and from the proceeds discharge the firm indebtedness of plaintiff, with interest, and reimburse themselves for reasonable

expenses incurred, paying the balance, if any, received from the sale over to plaintiff, or they were to sell enough only of the goods to pay these debts and expenses, and return the surplus thereof, if any, to plaintiff.

It is a matter of no consequence which of the foregoing arrangements was really adopted. Assuming, for present purposes, that the action would lie against defendant alone, still, before plaintiff could recover upon the theory of a firm liability, either *ex contractu* or *ex delicto*, it was incumbent upon him to show that the firm had a surplus, either in money or goods, as the case might be, belonging to him, or that it was guilty of bad faith, whereby he suffered injury. He made no effort to prove either of these things. He did not establish, or try to establish, the fact, even, that the proceeds realized from the sale were sufficient to discharge the mortgage debt and expenses; nor did he offer to prove any payment, or tender of payment, by himself, otherwise, of this debt. His original aggregate liability to the firm was fixed at $1,243; and, considering the character of the goods, the expenses incident to handling them, and the uncertainties of the retail market, it might not have been inconsistent with good faith if there were no such surplus to be accounted for.

We do not notice the three remaining causes of action stated in the complaint. They were put in issue, but upon the trial no evidence was offered by plaintiff in support thereof. The judgment is reversed.

*Reversed.*