[No. 5214.]
[No. 2827 C. A.]

CLARKE v. THE ESTATE OF DAVID ROBERTS, DECEASED.

**Estates of Decedents—Limitation of Actions—Claims—Evidence —Admission of Decedent to Third Parties.**

A claim against the estate of a decedent and the removal of the bar of limitations cannot be proven by alleged admissions of decedent to third parties, especially when no effort was made to enforce the claim during decedent's lifetime.—P. 317.

*Appeal from the District Court of Arapahoe County. Hon. John I. Mullins, Judge.*

A. K. Clarke filed a claim in the county court against the estate of David Roberts, deceased, and, from a judgment disallowing it, he appealed to the district court. From a judgment there for defendant, plaintiff appeals.          *Affirmed.*

Mr. KENNETH M. LAURIE and Messrs. WHITFORD, WHITFORD & MAY, for appellant.

Mr. J. E. ROBINSON, for appellee.

Mr. JUSTICE GODDARD delivered the opinion of the court:

On September 18, 1901, the appellant filed in the county court for allowance against the estate of David Roberts, deceased, a claim consisting of various items contained in two accounts, marked respectively "A" and "B." Statement A includes items covering a period from January 31 to March 31, 1890. Statement B includes items covering a period from June 28, 1886, to November 3, 1890. A statement of alleged credits for merchandise and cash received, amounting to $54.50 between July 21 and May 25, 1901, is attached. From a judgment of the county court disallowing the claim, an appeal was taken to

the district court, where, upon a trial to the court, the claim was disallowed upon two grounds: First, because the character of the evidence offered was insufficient to establish the claim; Second, because, if the claim ever existed, it was barred by the statute of limitations.

It appears, from the testimony, that the deceased was engaged in business in this state since 1896, and, during the three years prior to his death, was carrying on a lucrative business in the city of Denver. The evidence introduced to establish the existence of the indebtedness was indefinite as to the amount, and in other respects unsatisfactory. The evidence mainly relied on, both to establish the existence of the indebtedness and to remove the bar of the statute, was of admissions alleged to have been made by the deceased to third parties. Such evidence has frequently been characterized by courts as "weak and unsatisfactory," and, in some cases, it is held that such admissions are insufficient proof to establish a claim against an estate.—*Wilder v. Franklin's Exr.,* 10 La. Ann. 279; *Bringier v. Gordon, Admr.,* 14 *id.* 272; *Bodenheimer v. Exrs. of Bodenheimer,* 35 *id.* 1005; *Portis v. Hill,* 14 Tex. 69.

As was said in *Bodenheimer v. Bodenheimer, supra*: "Extra-judicial admissions of a dead man are the weakest of all evidence. They cannot be contradicted. * * * In most instances, such testimony is scarcely worthy of consideration." In view of the fact that no effort was made to enforce the claim during the lifetime of Roberts, when it appears he was able, and might have been compelled, to pay the same, the evidence to support it against his estate should be clear and convincing, not only as to the existence and amount of the claim, but also as to those matters relied on to remove the bar of the statute.

We think the trial court correctly found that the evidence was insufficient to meet these requirements in both particulars.

The judgment is, therefore, affirmed.

*Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE BAILEY concur.