[No. 6186.]

## DE MONCO v. MEANS.

**Administration — Allowance of Partnership Debt Against Estate of Deceased Partner—A** partnership debt is not to be allowed against the estate of a deceased partner where no effort appears to collect of the surviving partner, and no showing is made as to the disposition of the partnership assets or that there are none.—(460)

*Appeal from Denver County Court* — Hon. CHARLES McCALL, Judge.

Mr. S. A. OSBORN, for appellant.

Messrs. ROTHBERGER, APPEL & LATON, for appellee.

Mr. JUSTICE HILL delivered the opinion of the court:

Upon September 11, 1905, the appellant filed, in the county court of the city and county of Denver, his claim against the estate of George E. Ross-Lewin, deceased, which estate was in the hands of the appellee as administrator. The items of the claim were as follows:

"1902

| | | |
|---|---|---|
| Sept. | To services as clay expert in demonstrating Fire Pulp Plaster in Denver.................$ | 300.00 |
| Nov. 5 to Jan. 13, 1903. | To services at Kansas City, Mo., and St. Louis, Mo., in preparing and demonstrating Fire Pulp Plaster........... | 1,125.00 |
| | To expenses................ | 420.00 |
| | To contingent profits........ | 1,750.00 |

Total................$3,595.00"

The allowance of this claim was resisted by the administrator. On trial to the court $420.00 was allowed as a claim of the fourth class, from which allowance the appellant has appealed to this court and presents four assignments of error for our consideration. First, that the amount allowed is inadequate; second, that the judgment is contrary to the evidence; third, in the exclusion of certain testimony tendered, and fourth, it is claimed that the court refused to allow any compensation for services rendered by appellant while in the employment of the deceased, the amount allowed being the same as the amount claimed for expenses only.

All testimony presented at the trial was upon behalf of the appellant. It is claimed that the testimony sufficiently establishes the employment of appellant by deceased to act as an expert to exploit certain clays, and in putting up plasters out of material which they were attempting to promote the use of for such purposes; that appellant first performed such services at Denver for a short time, and was thereafter sent to St. Louis, Mo., for that purpose, where he stayed seventy-four days; that deceased was to pay appellant for his time which he

lost from his office, also his expenses and ten per cent. on any sales resulting from his exhibitions for such expert labor. The record is silent upon just what theory the court awarded judgment for the amount named, and were it not for the fact that no cross-assignment of error has been made against this allowance (which relieves us from its consideration) we question whether such a judgment could be sustained.

The evidence mainly relied on to establish the existence of the indebtedness was admissions and statements alleged to have been made by the deceased to third parties. Such evidence has frequently been characterized by courts as weak and unsatisfactory, and in some cases it is held that such admissions are insufficient proof to establish a claim against an estate; and while this last statement has not as yet received the entire approval of this court, the first seems to have been accepted as well as the rule that the evidence to support a claim against an estate should be clear and convincing as to its existence as well as the amount of the claim.— *Clarke v. The Estate of David Roberts, deceased,* 38 Colo. 316. Tested by these rules it is questionable if the evidence here is sufficient to justify the allowance of any claim at all. Besides, if it establishes any claim it is one against a partnership consisting of the deceased and a Mr. Robinson, and his employment by this firm in connection with certain patent rights, the demonstration and promotion of the processes covered by them, in which case, a claim *ex contractu* for a partnership debt cannot be maintained against the estate of a deceased partner in the absence of proof of a final settlement between the surviving partner and the estate, and a showing that the partnership assets are insufficient to pay the debts.—*Charles v. Eshleman et al., Exrs.,* 5 Colo.

107; *Beaton v. Wade,* 14 Colo. 4; *Thompson, Exrx., v. White,* .25 Colo. 226; *Savard v. Herbert,* 1 Col. App. 445.

This record nowhere advises us that the firm's assets in the hands of the surviving partner were not sufficient to satisfy plaintiff's demand. The record presents no reason or any information as to why an attempt was not made to collect this claim from the surviving partner, or out of the assets of the firm, or that none such were in existence. In his reply brief counsel for appellant strenuously urges that the evidence does not show that such a partnership existed and urges that none such ever did exist, and claims if there had been, the burden was upon the appellee to have established that fact; but this contention is inconsistent with the record, which shows the evidence offered by the appellant established the existence of the partnership; also, the statement of appellant's counsel during the progress of the trial in the examination of Mr. Malone in an attempt to show that certain sales were made, over the objections of appellee, counsel for the appellant stated to the trial court: "We ask that it be received with the understanding that we prove a partnership," referring to the partnership between Mr. Robinson and Mr. Ross-Lewin concerning these patents, and the promotion of the enterprise for which recovery herein is sought to be had.

The evidence for the services claimed, if sustained at all, being against a partnership of which the deceased was only one co-partner, no showing as to the disposition of the assets of the partnership or of any effort to secure them from the surviving partner for the payment of this indebtedness having been made, or attempted, and there being no evidence to show that no such assets were in existence, the claim was properly disallowed.

This disposition of the cause relieves the necessity of passing upon the assignments concerning the rejection of testimony which pertained to other features of the case.

Perceiving no prejudicial error against the rights of the appellant, the judgment will be affirmed.                                  *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GABBERT concur.

Opinion filed October 4, A. D. 1909; rehearing denied April 4, A. D. 1910.