(June 30, 1920.)

## ANNA NOBLE, Trustee, Respondent, v. ALVIN M. HARRIS, Appellant.

[190 Pac. 922.]

APPEAL—RULES—FILING BRIEF—DELAY IN—SPECIFICATION OF ERRORS.

    1.  Failure to file brief within the time prescribed by Rule 45 is not a ground for dismissal of appeal.

    2.  The errors relied upon for reversal should be distinctly enumerated in appellant's brief in conformity with Rule 42. However, in this case there is a distinct enumeration of the errors relied upon in the argument in the brief. Therefore, we do not feel constrained to entertain a motion to strike the brief from the files.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Charles P. McCarthy, Judge.

Motion to dismiss appeal. *Denied.*

E. J. Dockery, for Appellant.

J. L. Niday, for Respondent.

Counsel file no briefs.

BUDGE, J.—A motion to strike the brief from the files and to dismiss the appeal in this case has been made upon the following grounds: First, that the brief was not served in conformity with Rule 45, in that the transcript was completed and certified on the 20th of March, 1917, and the brief was not served on respondent until the 20th of April, 1920; second, the brief does not comply with requirements of Rule 42 in that it does not contain a distinct enumeration of the errors relied upon.

As to the first ground of the motion, it should be observed that while Rule 45 requires appellant to serve his brief within

20 days after the receipt of the clerk's completed transcript, unless, upon proper application, additional time be granted, the failure to file and serve such brief within the time prescribed by the rule, standing alone, is not a ground for dismissal of the appeal.

As to the second ground of the motion, it is apparent that while there is no separate and distinct portion of the brief designated as specification of errors, wherein are enumerated distinctly the errors relied on, nevertheless, such errors are distinctly set forth in the body of the brief in the argument following the statement of facts, and while not in the usual form, are stated with sufficient definiteness that the points relied upon for reversal of the case are clearly and intelligently defined. While the practice followed in this brief is loose and not to be commended, and not in strict conformity with the rule, nevertheless, we do not feel constrained to sustain the motion to strike the brief from the files.

The motion is denied.

Morgan, C. J., and Rice, J., concur.