(April 27, 1921.)

## CRAIG L. SPENCER, Appellant, v. D. M. JOHN, Respondent.

[197 Pac. 827.]

NEGOTIABLE INSTRUMENTS — PROMISSORY NOTE — ALTERATIONS — IN-SUFFICIENCY OF EVIDENCE — MOTION FOR NEW TRIAL — TRIAL JUDGE'S CERTIFICATE.

1. Where there is no substantial evidence in the record on appeal to support the verdict or judgment of the court below, the judgment will be reversed.

2. A ruling of the district court on a motion for new trial will not be reviewed in the absence of the certificate required by rule 24 of the rules of this court, showing what papers were submitted to the trial judge and used by him on the hearing of the motion, and that such papers constitute all the records, papers and files used or considered by said judge on such hearing.

APPEAL from the District Court of the Seventh Judicial District, for Gem County. Hon. Ed L. Bryan, District Judge.

Action to recover upon a promissory note. Judgment for defendant. *Reversed and remanded.*

Paul Pizey, for Appellant.

There is no substantial testimony opposed to that of appellant. Appellant's evidence in this case consisted entirely of depositions and documentary evidence. The evidence of respondent was all taken orally before the jury. They saw and heard the respondent and his witnesses, and did not see or hear the appellant or his witnesses. Therefore, it would be unfair for this court not to examine the evidence throughout and decide the case on the question of its sufficiency. (*Roby v. Roby,* 10 Ida. 139, 77 Pac. 213; *Spofford v. Spofford,* 18 Ida. 115, 108 Pac. 1054; *Parsons v. Wrble,* 19 Ida. 619, 115 Pac. 8; *Stoneburner v. Stone-*

*burner,* 11 Ida. 603, 83 Pac. 938; *Van Camp v. Emery,* 13 Ida. 202, 89 Pac. 752; *Village of Sandpoint v. Doyle,* 14 Ida. 749, 95 Pac. 945, 17 L. R. A., N. S., 497; *Council Imp. Co. v. Draper,* 16 Ida. 541, 102 Pac. 7.)

Where there is a substantial conflict in the evidence, the verdict will not be set aside unless plainly contrary to the decided weight of evidence. We believe that rule should be invoked in the case. The respondent's evidence is not positive and is only suggestive. It is not even contradictory of appellant's evidence. (*Hawkins v. Pocatello Water Co.,* 3 Ida. 766, 35 Pac. 711.) Where the evidence of one side is positive and the other shows want of recollection, all things being equal, the positive testimony should be given the greater weight. (*Idaho Mercantile Co. v. Kalanquin,* 8 Ida. 101, 66 Pac. 933.)

Perky & Brinck, for Respondent.

The ruling on a motion for a new trial will not be reviewed in the absence of a certificate of the judge who passed upon the motion as to the papers, matters and things used in ruling on the motion. (*Crowley v. Croesus Gold etc. Min. Co.,* 12 Ida. 530, 86 Pac. 536; *Doust v. Rocky Mountain Bell Tel. Co.,* 14 Ida. 677, 95 Pac. 209; *Bumpas v. Moore,* 31 Ida. 668, 175 Pac. 339; *Pedersen v. Moore,* 32 Ida. 420, 184 Pac. 475; *Lyons v. Lambrix, ante,* p. 99, 190 Pac. 356; *Talbot v. Collins, ante,* p. 169, 191 Pac. 354.)

The only question is: Is there any evidence in the record which, if standing alone and undisputed, would support defendant's contention that at the time the note and mortgage were executed and delivered there was contained therein a provision that defendant should not be personally liable on the note? If there is any evidence to sustain such defense, this court will not disturb the verdict of the jury. (*Consolidated etc. Min. Co. v. Morton,* 32 Ida. 671, 673, 187 Pac. 791; *Bafus v. Peeper, ante,* p. 324, 194 Pac, 96; *Labonte v. Davidson,* 31 Ida. 644, 175 Pac. 588; *Lisenby v. Intermoun-*

*tain State Bank, ante,* p. 101, 190 Pac. 355; *Lyons v. Lambrix, supra.*)

BUDGE, J.—This is an action to recover upon a promissory note executed and delivered by respondent to one Effie L. Minton, and by her transferred before maturity to appellant. This appeal is from a judgment in favor of respondent and from an order denying a motion for a new trial.

The material facts are as follows: Respondent owned certain lands in Washington and Idaho counties, which he traded to M. J. Minton for a business block in Grangeville, Idaho county, assuming a mortgage of $6,000 thereon, and giving a note for $1,500, dated May 15, 1914, and due two years thereafter, payable to Effie L. Minton, wife of M. J. Minton, and secured by a second mortgage upon the property, which property prior to the commencement of this action was sold under the first mortgage and the security exhausted.

Respondent in his answer admits the execution and delivery of the note and mortgage, but alleges that there was indorsed upon the note, before execution and delivery thereof, a provision that personal liability was waived, that the mortgaged property was accepted in full of all obligations due from defendant to Effie L. Minton, and that the statement upon the back of the note had been fraudulently and wrongfully erased.

Appellant, whose deposition was read at the trial, testified that when he purchased the note it did not contain any provision waiving personal liability, and that the note contained no other indorsement than that appearing upon it when it was introduced in evidence; that he had refused to accept the note indorsed to him without recourse, that such indorsement had been erased by M. J. Minton, and the indorsement as now appearing had been made thereon prior to the delivery of the note to him by the Mintons. In this he was corroborated by A. G. Worthington and M. J. Minton.

Opinion of the Court—Budge, J.

Appellant's evidence is complete, definite and certain in explaining the erasures on the note. All of his testimony is by deposition, and when these depositions were taken he had only the pleadings to guide him in making them. He had no notice that there was any claim that the waiver may have been written upon the mortgage and erased therefrom, yet at the trial respondent was permitted to testify that the statement in question was either written upon the note or the mortgage. On direct examination respondent testified that:

"A. I refused to give him the note at the time without having that written out on the back of the note that personal liability would be waived."

And in answer to questions apparently propounded by his attorney for the purpose of obtaining an alternative answer, he further testified as follows:

"Q. Do you remember whether or not there was such a statement on the mortgage that was given?

"A. It was inserted in one of the papers at the time. I am not sure whether it was the note or the mortgage, but it was in one of them.

"Q. And it is your recollection that either in the note or the mortgage that that specified contract was written before you signed that?

"A. Yes, sir; it was."

Respondent's evidence is indefinite and uncertain in this regard. The physical appearance of the note, moreover, does not fully corroborate respondent's contention that the indorsement was upon the note, and while the original mortgage was not introduced in evidence, appellant testifying that it had become lost and that he was unable to locate it after a diligent search, a certified copy of the mortgage shows no such writing contained thereon. After a careful examination of the record, we have reached the conclusion that there is no substantial evidence to support the verdict or judgment.

While appellant's brief contains no formal specification of error, specifying the particulars wherein the evidence is

insufficient, nevertheless we have examined the record to determine whether there was any substantial evidence to support the verdict. In the case of *Noble v. Harris, ante,* p. 188, 190 Pac. 922, this court held that:

"While there is no separate and distinct portion of the brief designated as specifications of errors, wherein are enumerated distinctly the errors relied on, nevertheless such errors are distinctly set forth in the body of the brief in the argument following the statement of facts, and, while not in the usual form, are stated with sufficient definiteness that the points relied upon for reversal of the case are clearly and intelligently defined."

While the practice followed in appellant's brief is loose and not to be commended, and is not in strict conformity with the requirements of the rules of this court, we deem it sufficient to present the question of the sufficiency of the evidence to justify the verdict in this case.

The appeal from the order denying the motion for new trial must be dismissed, for the reason that the transcript does not contain the certificate required by rule 24 of the rules of this court. It has been repeatedly held that the ruling on a motion for new trial will not be reviewed in the absence of a certificate showing what papers were submitted to the judge and used by him on the hearing of the motion, and that such papers constitute all the records, papers and files used or considered by said judge on such hearing. (*Crowley v. Croesus Gold etc. Min. Co.,* 12 Ida. 530, 86 Pac. 536; *Doust v. Rocky Mountain Bell Tel. Co.,* 14 Ida. 677, 95 Pac. 209; *Bumpas v. Moore,* 31 Ida. 668, 175 Pac. 339; *Pedersen v. Moore,* 32 Ida. 420, 184 Pac. 475; *Talbot v. Collins, ante,* p. 169, 191 Pac. 354.)

The judgment is reversed and a new trial granted. Costs are awarded to appellant.

Rice, C. J., and McCarthy, Dunn and Lee, JJ., concur.