(January 2, 1925.)

JOHN M. PRICE, JOHN M. PRICE, Jr., and W. H. HAR-
BERT, Copartners Doing Business as NAMPA ELEC-
TRIC SUPPLY COMPANY, Appellants, v. PAUL L.
CASE, Doing Business as CASE FURNITURE COM-
PANY, and H. W. KINNEY, Sheriff, Respondents.

[232 Pac. 576.]

INJUNCTION — APPEAL AND ERROR — DISMISSAL OF APPEAL — JURISDIC-
TION OF JUSTICE COURT—RESIDENCE OF DEFENDANTS.

1. Appeal from order dissolving injunction must be taken
within sixty days after the order is made and entered on the

---

Publisher's Note.

1. Order on motion to dissolve temporary injunction as final or interlocutory, see note in **Ann. Cas.** 1912C, 898.

minutes of the court or filed with the clerk, as provided by C. S., sec. 7152, or the appeal will be dismissed.

2. A demurrer to a complaint seeking to set aside the judgment of a justice court upon the ground of lack of jurisdiction is properly sustained where the complaint fails to allege the residence of the defendants, and this court will not infer in the absence of such showing that the residence of the defendants was without the jurisdiction of the justice court.

3. A guarantor or general indorser of a negotiable promissory note renders himself jointly liable thereon with the makers thereof so that an action upon such note may, under the provisions of C. S., sec. 7053, subd. 2, be maintained in the justice court · of the precinct or city in which any of the defendants reside.

APPEAL from the District Court of the Seventh Judicial District, for Canyon County. Hon. Ed. L. Bryan, Judge.

Action to set aside judgment and for injunction. From order dissolving injunction and from judgment dismissing action plaintiffs appeal. *Appeal from order dismissed. Judgment affirmed.*

G. W. Lamson, for Appellants.

The judgment rendered in the justice court is in direct violation of C. S., sec. 7053, and is void upon the face of the record. The justice court never acquired jurisdiction. It was error of the district court in dissolving the injunction and in rendering a judgment of dismissal. (*Gregory v. Howell,* 118 Iowa, 76, 91 N. W. 778; *Cooley v. Barker,* 122 Iowa, 440, 101 Am. St. 276, 98 N. W. 289; *Lowe v. Alexander,* 15 Cal. 296, 301; *Abrams v. White,* 11 Ida. 497, 83 Pac. 602; *Wilkerson v. Walters,* 1 Ida. 564; *Kirk v. United States,* 124 Fed. 324; *Hosford v. Hotchkiss,* 27 Fed. 285, 23 Blatchf. 479; *Missouri Pac. Ry. Co. v. Reid,* 34 Kan. 410, 8 Pac. 846; *Dial v. Olsen,* 4 Ariz. 293, 36 Pac. 175.)

The original payee (Marsh) by his indorsement cannot make himself a joint maker of the notes. (8 C. J. 69.)

M. H. Eustace, for Respondents.

The justice's court had jurisdiction. (C. S., sec. 7053.)

Where the jurisdiction of a court is questioned it must affirmatively appear in the objections and the showing made by the movant that such jurisdiction is lacking. (*Perkins v. Smith*, 4 Blackf. (Ind.) 299; *State v. Durand*, 36 Utah, 93, 104 Pac. 760; *Silver City Mercantile Co. v. District Court*, 57 Utah, 365, 195 Pac. 194.)

BUDGE, J.—This action was brought for the purpose of obtaining an injunction restraining the enforcement of a judgment and seeking to set aside the judgment upon the ground that the court lacked jurisdiction to enter it and the same was therefore null and void.

The complaint alleges substantially as follows: That respondent Case commenced an action against appellants in the justice court of Caldwell Precinct, Canyon county, and that summons was duly served upon appellants; that thereafter appellants entered a special appearance for the purpose of objecting to the jurisdiction of the court; that they made no further appearance and judgment was thereafter awarded in favor of respondent Case; that subsequently respondent Case caused execution to be issued and delivered the same to respondent Kinney, as sheriff of Canyon county, for the purpose of satisfying the judgment, and will proceed to satisfy such judgment out of the property of appellants unless restrained; and that the judgment is void for the reason that the court was without jurisdiction to enter the same. Appellants prayed that a temporary injunction be granted restraining further proceedings on the part of the sheriff in the matter of levying execution and satisfying the judgment; that the judgment be declared void and that the injunction, upon final hearing, be made permanent. A temporary injunction as prayed for was thereafter issued. Respondents filed a demurrer to the complaint, which was sustained by the court. Whereupon the court made and entered its order dissolving and vacating the temporary in-

junction and also made and entered judgment dismissing the action and awarding costs in favor of respondents. From the order dissolving the injunction and from the judgment this appeal is taken.

Considering first the appeal from the order dissolving the injunction, it is apparent that this appeal must be dismissed for the reason that the same was not perfected within the time provided by C. S., sec. 7152, subd. 2. The order dissolving the injunction was filed on January 11, 1923. The appeal was perfected on March 29, 1923, seventy-seven days after the filing of the order. C. S., sec. 7152, provides, *inter alia,* that:

"An appeal may be taken to the supreme court from a district court . . . . from an order granting or dissolving an injunction . . . . within 60 days after the order or interlocutory judgment is made and entered on the minutes of the court, or filed with the clerk."

The appeal from the order was therefore not taken within the statutory time, and this being an element upon which the jurisdiction of this court depends, the appeal from the order must be dismissed. (*Kimzey v. Highland Livestock & Land Co.,* 37 Ida. 9, 214 Pac. 750, and cases therein cited.)

Coming now to the appeal from the judgment, it is first to be noted that the brief fails to contain "a distinct enumeration of the several errors relied on" as provided by Rule 42 of this court. No assignments of error appear in the brief. This court has called attention to other briefs in which similar omissions have occurred and has held that such practice is loose and not to be commended. (*Noble v. Harris,* 33 Ida. 188, 190 Pac. 922; *Whitney v. Dewey,* 10 Ida. 633, 80 Pac. 1117; *Standley v. Flint,* 10 Ida. 629, 79 Pac. 815; *Spencer v. John,* 33 Ida. 717, 197 Pac. 827.) However, inasmuch as it is apparent from that part of the brief denominated "Argument" that the sufficiency of the complaint is the only question involved, and under the practice followed in the above cited cases, we will consider that question.

It is contended by appellants that the judgment of the justice court was void for the reason that the court was without jurisdiction and that under the provisions of C. S., sec. 7053, subds. 7 and 9, the action should have been commenced in the justice court of Nampa Precinct. Respondents assert that the action was properly brought under the provisions of C. S., sec. 7053, subd. 2. C. S., sec. 7053, *inter alia,* provides that:

"Actions in justices' courts must be commenced, and subject to the right to change the place of trial as in this chapter provided, must be tried; . . . .

"2. When two or more persons are jointly, or jointly and severally bound in any debt or contract, or otherwise jointly liable in the same action, and reside in different precincts or different cities of the same county, or in different counties; in the precinct or city in which any of the persons liable may reside. . . . .

"7. When a person has contracted to perform any obligation at a particular place and resides in another county, precinct or city; in the precinct or city in which such obligation is to be performed or in which he resides. . . . ..

"9. In all other cases; in the precinct or city in which the defendant resides."

A copy of the amended complaint and special appearance objecting to the jurisdiction of the court, filed in the justice court, are made a part of the complaint in this action. From the amended complaint in the justice court it appears that the Nampa Electric Supply Company, a corporation, John M. Price, John M. Price, Jr., and W. H. Harbert, copartners doing business under the firm name and style of Nampa Electric Supply Company, and J. J. Marsh, were all made parties defendant. J. J. Marsh and Nampa Electric Supply Company, a corporation, are not made parties in the action in the district court and no mention is made of these parties in the complaint except as appears in the amended complaint in the justice court which is made a part thereof. It is alleged in the complaint filed in the district court "that there is a Justice Court in Nampa Precinct, where the de-

fendants in said action reside" and also "that all of these plaintiffs reside in the precinct where the above-named obligations were made payable" (i. e., Nampa).

Appellant sets up an inconsistent state of facts. He alleges in his complaint in the district court that all of the plaintiffs reside at Nampa but fails to mention Marsh or the Nampa Electric Supply Company, a corporation, while it is apparent from the amended complaint in the justice court that they were parties defendant in that action. The trial court no doubt reached the conclusion that, due to the fact that appellant failed to set out in his complaint the return of the sheriff to the summons issued in the action in the justice court, which return would show the residence and place of service of the defendants, and having failed to allege in his complaint the residence of Marsh, the complaint failed to state a cause of action.

The notes upon which the suit in the justice court is based, were signed "Nampa Electric Supply Company, John M. Price," and were given to J. J. Marsh, who sold them in due course and before maturity and indorsed and guaranteed the payment thereof. Marsh thus became jointly and severally liable, bringing the case squarely within subd. 2 of C. S., sec. 7053, providing that the action might be brought in the precinct or city in which any of the persons liable may reside. The return of the officer who served the summons is not in the record except in so far as the motion to dissolve the injunction is concerned, but it might be here noted that the return recites that J. J. Marsh was served in Caldwell, the place of his residence. Since it was the duty of the justice court to first determine whether it had jurisdiction, the conclusion would be that he had jurisdiction by reason of the fact that the obligation was *joint and several* and one of the parties thereto resided within the precinct. This being an attack upon the judgment, lack of jurisdiction in the justice court must affirmatively appear upon the face of the complaint. No such showing is made here for the reason that neither the complaint in the justice court nor the complaint in this action discloses the residence of J. J.

Marsh. This court will not presume that Marsh resided at Nampa or any other place without the jurisdiction of the court.

It follows that no error was committed by the trial court in sustaining the demurrer to the complaint and in dismissing the action. The judgment must be affirmed and it is so ordered. Costs are awarded to respondents.

McCarthy, C. J., and William A. Lee and Wm. E. Lee, JJ., concur.