## No. 11,550.

### Estate of Graham.

#### Lavelle, Administrator *v*. Birnbaum.

Decided February 28, 1927.

Action on claim against the estate of a deceased person. Judgment for claimant.

### *Reversed.*

1. Executors and Administrators—*Claims—Copartnership.* Judgment against a copartnership cannot be allowed as a claim against the estate of one of the partners where there is a failure to show a resort to partnership property before prosecuting the claim against the estate.

*Error to the District Court of the City and County of Denver, Hon. George F. Dunklee, Judge.*

Mr. Thomas J. Morrissey, Mr. Edward D. Upham, for plaintiff in error.

Mr. Philo B. Tolles, Mr. Thomas D. Cobbey, Mr. Max Klein, for defendant in error.

*Department Two.*

Mr. Chief Justice Burke delivered the opinion of the court.

Defendant in error, hereinafter referred to as plaintiff, had judgment in the county court (on appeal from J. P. court), in 1908, for the sum of $150, against Graham and Keefe, a copartnership. Graham having died and his estate being in process of administration, said judgment was filed as a claim against it December 9, 1924,

and was later allowed. The administrator appealed to the district court. Plaintiff there had judgment for $325, to review which this writ is prosecuted.

But one alleged error need be considered, i. e., plaintiff's failure to show resort to partnership property before prosecuting his claim against the estate of a deceased partner. The contention was duly made in the trial court and there was admittedly no such showing. Counsel for plaintiff insists that his judgment was against the partnership and the individual members. In this he is in error. The title of the suit in 1908, the judgment therein entered in the county court, the transcript thereof, and the judgment alleged as the foundation of plaintiff's claim filed against the estate in 1924, all disclose an action and judgment against the partnership only, not a joint and several judgment. Plaintiff is therefore in the identical position of one holding any other kind of claim against a partnership and seeking its allowance against the estate of a deceased partner. We have repeatedly held that in such case resort must first be had to partnership property. *De Monco v. Means,* 47 Colo. 457, 107 Pac. 1107, and cases there cited.

The judgment is accordingly reversed.

MR. JUSTICE ADAMS, MR. JUSTICE BUTLER and MR. JUSTICE CAMPBELL concur.