(No. 4978.   December 6, 1927.)

HENRY SCHRAM, Respondent, v. BARNEY AGRIOLA, Appellant.

[261 Pac. 771.]

APPEAL AND ERROR—FAILURE TO FILE BRIEF ON TIME, EFFECT.

> That cause on appeal was set down for oral argument much earlier than was expected by appellant, and that there was wide custom among attorneys to delay preparation, service and filing of briefs on appeal until near time for oral argument, *held* not to excuse appellant from having brief printed in compliance with supreme court rule 40, and serving it within 20 days after filing record of appeal or extension thereof, and filing it 10 days before date set for hearing, as required by supreme court rule 43.

APPEAL from the District Court of the Seventh Judicial District, for Canyon County.  Hon. Ed. L. Bryan, Judge.

Motion to dismiss appeal.  *Granted.*

William Healy, for Appellant.

Publisher's Note.

See Appeal and Error, 3 **C. J.**, sec. 1601, p. 1436, n. 65 New; sec. 1605, p. 1442, n. 70 New.

Buckner & Warren, for Respondent.

Counsel cite no authorities on point decided.

HARTSON, Commissioner.—On' November 8, 1927, the day preceding that fixed for oral argument of this cause on appeal, respondent served and filed a written motion to strike the brief of appellant, and to dismiss the appeal, for the reasons that appellant's brief was not printed in compliance with rule 40 of the supreme court; that the brief was not served within twenty days after the filing of the record on appeal, or any extension thereof, as· required by rule 43 of the supreme court; that the brief was not filed within ten days before the date set for hearing, as required by rule 43 of the supreme court; and that said appeal has not been diligently prosecuted. The motion is supported by an affidavit, from which it appears that respondent's attorney received a typewritten copy of appellant's brief through the mails on November 4, 1927, and that no stipulation or order extending the time for filing brief has been entered into or made, within the knowledge of affiant; that from the date of the receipt of such brief until the date fixed for hearing of said cause, only four days elapsed, and respondent's attorney has found it impossible to prepare and have printed a brief on behalf of the respondent. Transcript on appeal was filed in this court on May 7, 1927.

On behalf of appellant it was stated that this cause has been set down for oral argument much earlier than was expected by appellant; that it has been somewhat widely customary among attorneys to delay the preparation, service and filing of briefs on appeal until near the time for oral argument.

Whatever may be the custom among attorneys, it is thought the rules of the court are plain in this regard, and that the reasons advanced by appellant for failure to comply therewith are insufficient to avoid the penalty for nonobservance. The fact that this cause was reached for

argument somewhat in advance of the time estimated by counsel is not believed to be sufficient ground for making an exception. Due diligence requires that counsel should protect himself by applying for an extension of time to file briefs.

We therefore recommend that the appellant's brief be stricken and that the appeal be dismissed.

Babcock and Adair, CC., concur.

The foregoing is approved as the opinion of the court, and the appeal is dismissed.

Wm. E. Lee, C. J., and Budge, Taylor and T. Bailey Lee, JJ., concur.