(No. 5521.  January 9, 1931.)

O. B. .JOHN'SON, Respondent, v. THE BUNTING TRAC-
TOR  COMPANY,  a  Corporation,  Appellant.

[294 Pac. 523.]

Martin & Martin, for Appellant.

James S. Bogart and S. L. Tipton, for Respondent.

ADAIR, District Judge.—Judgment was entered in the
district court on September 21, 1929.  The transcript was
filed May 1, 1930, and appellant filed and served its brief
November 25, 1930, four days after the cause had been
placed on the calendar and set down for argument on the
merits, and also after the motion to dismiss the appeal had
been served and filed.  An affidavit of one of the attorneys
for appellant, resisting said motion states in effect that the
appeal has been prosecuted in the utmost good faith, and
without any desire or intention to delay the review of the
cause in this court; that affiant who conducted the trial in
the lower court desired to consult with his senior partner in
preparing the brief, and that such partner, because of ill-
ness was absent from the office most of the summer of 1930,
and was not able to resume his office work until the latter
part of September; that thereafter, due to the press of other

business, counsel was unable to complete the brief at an earlier date; that some time in October an attempt was made to settle the controversy, and affiant advised opposing counsel he would not prepare his brief until such negotiations terminated, as he wished to avoid the expense of printing a brief if the matter was finally adjusted, and that counsel for respondent made no objection to such suggestion; that when affiant learned that a settlement could not be effected he immediately proceeded to complete and serve his brief.

There was no stipulation that the serving of the brief might be deferred, nor extension of time granted by this court for that purpose. Rule 43 provides that the brief of appellant must be served within forty days after the filing of the record on appeal. None of the reasons now urged in palliation of the failure to comply with this rule accrued until long after counsel for appellant were in default. Respondent contends that he could not prepare, serve and file his reply brief within the time provided therefor by said rule, and as a consequence the matter was not presented on its merits at the time it was reached for argument.

In an early case this court refused to dismiss an appeal when brief of appellant was not filed within the time fixed by the rules. (*Noble v. Harris*, 33 Ida. 188, 190 Pac. 922.) However, in some more recent instances appeals have been dismissed, on proper motion, for failure to serve and file briefs after the lapse of a long period of time from the filing of the record on appeal, where such defaults appeared inexcusable, thereby interfering with the orderly procedure of this court, and resulting in a delay of the hearing when the causes were reached and set for argument. (*Karren v. Call*, 46 Ida. 785, 271 Pac. 580; *Bank of Emmett v. Hance*, 45 Ida. 292, 261 Pac. 772; *Schram v. Agriola*, 45 Ida. 294, 261 Pac. 771.)

In the instant case due diligence is not shown and there appears no valid excuse for failure to comply with the rule governing the serving and filing of appellant's brief. Counsel should have applied to this court for an extension of time, if additional time was required. This failure to com-

ply with the rule has resulted in a delay in the presentation of the cause on its merits. The appeal will be dismissed.

Lee, C. J., and Givens, Varian and McNaughton, JJ., concur.