(No. 5660.   February 14, 1931.)

CLAUDE L. BARNES, Appellant, v. GEM FRUIT UNION, a Corporation, Respondent.

[296 Pac. 184.]

Delana & Delana, for Appellant.

J. P. Reed and Wm. M. Morgan, for Respondent.

LEE, C. J.—Notice of appeal in this cause was served and filed July 29, 1930, and transcript filed September 18th following.   Time for filing appellant's brief having expired and no extension having been applied for, the cause was duly set for hearing, the day fixed being February 11, 1931. Notice thereof was mailed counsel by the clerk January 29th

preceding. On January 31st, respondent filed its motion to dismiss the appeal for appellant's failure to file his brief. ·

As an excuse for the delay, counsel by affidavit set forth that they had been "exceedingly busy in court work and with a very large amount of other work, and believed that said cause would not be reached for some· considerable time yet." Rule 43 provides that appellant's brief must be filed within forty days after the filing of the record on appeal and at least ten days before the date set for hearing. Awarding the affidavit all force possible, due diligence has not been shown. The fact that a cause is reached in advance of the time anticipated by counsel has hitherto, more than once, been declared an insufficient excuse. "Due diligence requires that counsel should protect himself by applying for an extension of time to file briefs." (*Bank v. Hance,* 45 Ida. 292, 261 Pac. 772; *Schram v. Agriola,* 45 Ida. 294, 261 Pac. 771; *Johnson v. Bunting Tractor Co., ante,* p. 262, 294 Pac. 523.) A compliance with this rule would have prevented all interference with the orderly procedure of the court; and the cause could have been heard upon its merits at a regular setting. (*Karren v. Call,* 46 Ida. 785, 271 Pac. 580.) As was said in *Johnson v. Bunting Tractor Co., supra:* "This failure to comply with the rule has resulted in a delay in the presentation of the cause on its merits."

Appeal dismissed.

Givens, Varian and McNaughton, JJ., concur.