(No. 5769.   December 9, 1931.)

C. S. NELSON, Appellant, v. ORA B. BRUCE, Administratrix of the Estate of M. L. BRUCE, Deceased, Respondent.

[6 Pac. (2d) 140.]

Myrvin Davis, for Appellant.

E. W. Wheelan, for Respondent.

BUDGE, J.—Appellant brought this action against respondent, as administratrix of the estate of M. L. Bruce, deceased, seeking to recover the value of an interest in a

patent sold and assigned by appellant to M. L. Bruce and the reasonable value of services rendered by appellant to M. L. Bruce, after presentation to and rejection by respondent of claim therefor.

In his first cause of action appellant alleges that at the time the patent in question was issued he and Bruce each owned an undivided one-half interest therein; that appellant sold his one-half interest to Bruce who agreed to pay him a reasonable sum therefor, and that the reasonable value of appellant's one-half interest is $40,000, no part of which has been paid. By her answer respondent denies that Bruce agreed to pay appellant a reasonable sum for said half interest; that the reasonable value thereof was in excess of $500 and that any sum is due appellant, but alleges that Bruce paid appellant the consideration agreed on between them.

In his second cause of action appellant alleges that prior to the issuance of patent he entered into an agreement with Bruce to devise, invent and construct a machine for the purpose of perforating cedar poles and other timber products; that he performed such work during a period of twelve months, completing the same about March 29, 1927; that Bruce agreed to pay him a reasonable amount for such services; that he was paid only the sum of $2,000; that the reasonable value of such services was $1,000 per month and that there is still due him the sum of $10,000. In her answer respondent denies: That the last work was done under said agreement at any time subsequent to March 29, 1926; that Bruce agreed to pay appellant a reasonable amount for his services, except as hereinafter set forth; that appellant expended twelve months performing such work; that any sum in excess of $150 per month is the reasonable value of such services and that any sum is due appellant.

As an affirmative defense to each of the causes of action respondent alleges that appellant was employed by Bruce to construct the machine for $150 per month as wages for time actually employed in such work, Bruce agreeing to pay actual expenses incurred and appellant agreeing to render all necessary services in connection with the application for

patent and Bruce to pay the actual expenses connected with procuring the patent. It was agreed that when the patent was obtained each should own a one-half interest and appellant should assign his one-half interest to Bruce; that Bruce paid all expenses incurred by appellant in connection with the construction of the machine and in securing the patent and paid appellant $1800 covering wages at the rate of $150 per month, the total of wages and expenses aggregating $2,195; that any assignment made by appellant to Bruce was pursuant to said agreement; that thereafter appellant represented to Bruce that he felt he had not been sufficiently paid for services rendered and claimed additional compensation and at that time Bruce paid appellant $500 with the understanding and agreement that said sum was received by appellant in full settlement and compromise of all claims of appellant against Bruce. Respondent's answer contains the further defense to each cause of action that the same is barred by the provisions of C. S., sec. 6610.

The cause was tried by the court and a jury. After appellant had introduced his evidence in support of his complaint and rested, respondent made a motion for nonsuit, which was granted. Whereupon judgment was entered, from which judgment this appeal is prosecuted.

No assignments of error are specified by appellant in its brief, as required by Rule 42 of this court. Our previous warnings that this practice "is loose and not to be commended" (*Noble v. Harris,* 33 Ida. 188, 190 Pac. 922; *Spencer v. John,* 33 Ida. 717, 197 Pac. 827; *Price v. Case,* 40 Ida. 197, 232 Pac. 576), still go unheeded. It may be gathered from that portion of appellant's brief denominated "Argument" that he contends that the court erred in granting the motion for nonsuit, and that there was sufficient evidence submitted in support of the allegations of his two causes of action to make out a *prima facie* case and to withstand the assault of such a motion.

Taking up the first cause of action, if we understand the record correctly, there is no evidence to establish the agreement alleged therein. Such agreement was not in writing but appellant sought to establish it by extrajudicial ad-

missions made by Bruce during his lifetime to certain witnesses who were called and testified to the fact that Bruce had stated in conversations had with them that he owed appellant some money. The testimony of Harry Dreisbach is as follows:

"Q. All right, you may tell us what or tell the jury what Mr. Bruce said with regard to his owing Sam money. A. Well, Mr. Bruce was—said that he—He came in and asked if Mr. Nelson was getting a charge account there, which, of course I really knew, because I put up the stuff myself, and he asked me if Sam had—was paying his bill. I told him that, well, I didn't know as that made any difference to him, so I didn't—I kind of got away from that, explaining that, but he really said 'Of course' he said, 'I owe Sam some money, but if I pay him, he will just blow it through anyway.'

"Q. He didn't tell you what he owed it to him for? A. He said for a punching machine, I believe, or—"

The testimony of E. W. Dreisbach is as follows:

"Q. Did Mr. Bruce when he was alive ever make any statement to you regarding the money that he, Mr. Bruce, owed to Mr. Nelson? . . . . A. Yes. . . . .

"Q. What did Mr. Bruce tell you? . . . . A. Mr. Nelson had been running an account there with me and I think Mr. Bruce—well, I don't know, but he told me, he said, 'I am paying Nelson some money,' and he said—he asked me if he had paid me any money on the account and I told him he had, and—well, he said—I think he said 'Well, that's all right,' he says, 'I owe him some money and when I pay him I want you to see that you get yours, Ed.' "

These conversations were had prior to the payment by Bruce to appellant of the $500 hereinafter referred to. It might be further observed that appellant was indebted in quite an amount to the Dreisbachs.

Witness Cavers, who was at the time of the conversation hereinafter related attorney for appellant, testified as to the following telephone conversation with Bruce:

"A. Mr. Bruce answered the phone. He said—I asked him, 'This is Mr. M. L. Bruce?' He said, 'Yes, sir, it is.'

'Mr. Cavers?' I said, 'Yes.' I said, 'Mr. Bruce, you did not answer my letter; how about that?' He said to me, 'Well,' he said 'that . party hasn't got anything on me. There is nothing to that.' I said, 'Why, I want to understand this. You understand me, Mr. Bruce, that I am representing Sam Nelson, and I have been asked to sue you for $50,000.' ·'Oh,' he says, 'Sam!' 'Well,' he said, 'I don't owe Sam Nelson $50,000.' I said, 'He claims you do, that you owe him $40,000 for a half interest in a patent-right that he assigned to you and $10,000 for work in the construction of certain machines.' He said, 'I tell you just how that was.' He said 'I agreed to pay Sam a reasonable amount for the half-interest but,' he said, 'the reasonable amount is not $40,000, and $50,000 all told.' 'Well,' I said, 'all Sam has got out of it is his board.' 'Oh, no,' he said, 'I have paid all the expense.' I said 'You have given him his clothes besides, have you?' I said, 'This is an important matter, Mr. Bruce, and I want it closed up,' and he said that 'I am going up into Canada and upon my return I will come in and see you,' and he never came in. I wrote him other letters about it and talked to him on the phone in . Spokane.''

We are unable to construe this telephone conversation as an admission but rather a denial of liability by Bruce. He stated positively that Nelson ''didn't have anything on him''; that there was nothing to Cavers' contention; and that he did not owe appellant any $50,000 or any $40,000 for the half interest in the patent or $10,000 for labor in the construction of the machine. Bruce did not admit that he had not already paid appellant a reasonable amount for the one-half interest in the patent.

It might be conceded that Bruce, in some one or more of the conversations had with one or more of appellant's witnesses, stated that he did owe appellant some money but this falls far short of establishing the agreement alleged. The rule would seem to be that where evidence of admissions, conceding its admissibility, is relied upon to establish the existence of an indebtedness against the estate of a deceased party, such evidence should be clear and convincing as to

the existence and amount of the claim. Such evidence has been frequently characterized as weak and unsatisfactory and in some cases it is held that such admissions are insufficient proof to establish a claim against the estate of a deceased person. As was said in *Bodenheimer v. Executors of Bodenheimer,* 35 La. Ann. 1005:

"Extrajudicial admissions of a dead man are the weakest of all evidence. They cannot be contradicted. . . . . In most instances such testimony is scarcely worthy of consideration."

To the same effect see: *Portis v. Hill,* 14 Tex. 69, 65 Am. Dec. 99; *Clarke v. Roberts' Estate,* 38 Colo. 316, 87 Pac. 1077; *De Monco v. Means,* 47 Colo. 457, 107 Pac. 1107; *Johnson v. Moilanen,* 23 Ariz. 86, 201 Pac. 634; *Makinson v. Shumick,* 196 Iowa, 980, 193 N. W. 407.

In addition to failure of proof of the alleged agreement between appellant and Bruce, the evidence introduced by appellant tending to show the alleged value of the patent was wholly insufficient as a basis upon which the jury could intelligently determine the reasonable value of the interest therein assigned by appellant to Bruce. Moreover, from the record it appears that appellant, by written assignment dated May 2, 1927, assigned his one-half interest in said patent to Bruce, the consideration therefor, as recited therein, being the sum of one dollar. Appellant introduced in evidence a check dated May 2, 1927, given to appellant by M. L. Bruce Company, of which company Bruce was president, upon which check is written the following memorandum:

"C. S. Nelson full interest in puncturing machine puncturing wheel turning device in fact all interest in any connection with puncturing machine."

In the absence of any evidence of the alleged agreement or the reasonable value of the patent and in the face of the assignment and check delivered on the same day and the memorandum on the latter, there was no competent evidence to submit to the jury in support of appellant's first cause of action and the trial court did not err in sustaining the motion for nonsuit thereto.

Coming now to appellant's second cause of action, there is no evidence of the agreement between appellant

and Bruce alleged therein, even with the evidence considered as to the first cause of action, or what the reasonable value of appellant's services were, other than the statement of appellant that his services were worth $1,000 per month, which is at most a conclusion. The reasonable value of his services in the performance of the work he did for Bruce cannot be determined from the wages he received when working in other capacities as he testified to. On the contrary, it is shown by checks introduced by appellant, that while working for Bruce he received checks from him for $125 about the first of each of eight months and for $150 about the first of each of the three succeeding months, which are strongly indicative of monthly wages, in addition to other moneys. Not until shortly before the death of Bruce, a considerable period of time after the services were rendered did appellant make a claim against Bruce that he owed him for salary for services rendered, an amount in excess of what he had been paid. The evidence brings appellant squarely within the rule stated in *Wise v. Martin,* 42 Pa. Super. Ct. 443.

It follows that the trial court did not err in sustaining the motion for nonsuit as to appellant's second cause of action.

We have disposed of this case on the merits notwithstanding the appeal is subject to be dismissed, in any event, for failure to comply with Rule 42 of this court respecting enumeration of specifications of error.

The judgment is affirmed. Costs awarded to respondent.

Lee, C. J., and Givens, Varian and McNaughton, JJ., concur.