(No. 5837.   March 21, 1933.)

WILLIAM H. MILLER and CECILE HELEN MILLER, in Their Own Behalf, and WILLIAM GEORGE MILLER, a Minor, Appearing Herein by His Guardian Ad Litem, WILLIAM H. MILLER, Appellants, v. GOODING HIGHWAY DISTRICT, a Municipal Corporation, Respondent.

[20 Pac. (2d) 446.]

A. H. Wilkie and B. H. Miller, for Appellants.

A. F. James, for Respondent.

GIVENS, J.—Respondent moves to dismiss the appeal herein because the reporter's transcript was not ordered within the time required by Rule 16 of this court (45 Ida. xliv); that the reporter's fees were not paid, thereby delaying the preparation of his transcript, and that appellants' brief was not served and filed within 40 days as required by Rule 43 of this court. (45 Ida. liv.)

Notice of appeal was filed November 20, 1931, from an order of nonsuit made and entered September 22, 1931. November 23, 1931, appellant applied to Judge Sutphen, in whose district the case originated, for an order for reporter's transcript. Judge Sutphen, because the case had been tried by Judge Barclay, returned, November 25th, the request for the order, and on November 28th appellant wrote Judge Barclay asking for such order, which was sent by Judge Barclay December 2d.

Rule 16, *supra*, merely provides that due diligence requires that the application for the order for reporter's transcript be made within five days after the perfecting of the appeal. The bond was filed November 23d, and on the same day appellant applied for the order, which because of

the substitution of judges was delayed until December 2d, but the appellant had complied with the rule by making the application within the time provided, and thus *Tomita v. Johnson*, 49 Ida. 643, 290 Pac. 395, is readily distinguishable.

■ The reporter accepted as his fee a certain amount of money and a note for the balance, and from the letter written by the reporter to counsel for appellant January 21, 1932, it might well be inferred that the delay was occasioned, not because of the failure to pay the balance on the note, but because of other transcripts which the reporter was preparing, and which were, in point of time, ahead of appellant's. The showing, therefore, as to payment of the fees does not justify dismissal.

■ Appellant explains and seeks to excuse the failure to serve the brief within 40 days of November 12, 1932, the date the transcript was filed in this court, because the completed transcript was not served by the clerk upon the attorney for appellants in exact compliance with sec. 11–215, I. C. A., and respondent's counsel did not acknowledge receiving the transcript from appellants' counsel, and that appellants were not notified of the transmission of the transcript by the clerk of the district court to this court, and did not know of the filing of the transcript in this court until after December 20th, when, in response to his inquiry, he received notice from the clerk of the district court of the mailing of the transcript to the supreme court on November 10th.

While neither statutes nor rules require the clerk of the district court to notify appellant when the transcript is filed in this court, the above does not indicate that appellant was not acting in good faith and with due diligence, and affords a ground of excuse for his failure to file his brief within 40 days of November 12th. Furthermore, January 5, 1933, appellant filed a motion for extension of time to file his brief, and prepared and filed such brief in this court January 12, 1933.

The delay or the cause thereof is not comparable to that in *Johnson v. Bunting Tractor Co.*, 50 Ida. 262, 294 Pac. 523, and *Barnes v. Gem Fruit Union*, 50 Ida. 361, 296 Pac. 184, and the appeal should not be dismissed (*Clayton v. Barnes, ante,* p. 418, 16 Pac. (2d) 1056), and it is so ordered.

Morgan, Holden and Wernette, JJ., concur.