[No. 17903. Department One. August 29, 1923.]

G. W. WHARTON, *Respondent*, v. TIERNEY-TONER
COMPANY, *Appellant*.[1]

PRINCIPAL AND AGENT (41)—PROOF OF AGENCY—DECLARATIONS OF
AGENT—ADMISSIBILITY. The acts and declarations of one introduced
as the "general sales manager" of the defendant, are competent to es-
tablish the fact of agency to sell a car, where there was independent
evidence of the agency.

SAME (63)—AUTHORITY OF AGENT—RATIFICATION—ACCEPTANCE OF
BENEFITS. The sale of a car by one introduced as the defendant's
"general sales manager" is ratified, where the note for the purchase
price was delivered to the defendant, who received it and confirmed
its title by transferring it to another.

Appeal from a judgment of the superior court for
Walla Walla county, Mills, J., entered June 5, 1922,
upon the verdict of a jury rendered in favor of the
plaintiff, in an action to recover money paid on a
promissory note. Affirmed.

*Evans & Watson*, for appellant.

*Cary M. Rader*, for respondent.

HOLCOMB, J.—In this action respondent recovered
judgment against appellant for the amount paid by
respondent to a bank upon a note given appellant upon
the purchase of an automobile, which note had been
transferred to the bank by appellant. The case was
tried to a jury, which rendered a verdict for respond-
ent in the sum of $1,139.75. No objections or excep-
tions were taken to the submission of the case to the
jury, except as to the admission of certain evidence.

The appeal involves only the error of the court in
admitting and in refusing to strike the testimony of
respondent, his wife, and of their son William, as to

[1]Reported in 217 Pac. 998.

the transaction with, and representations of, one McJames, represented to be the agent of appellant in the transaction involved.

It is contended that McJames had no real or apparent authority to bind appellant, or to vary the terms of the written instruments.

The record shows that McJames was introduced, and therefore held out, as the "General Sales Manager" of appellant. The transaction concerning the purchase of the automobile and the resale of a certain other automobile and a gas engine for respondent was had almost entirely between respondent and McJames. Something more was implied by the introduction and holding out of McJames as "General Sales Manager" than a mere salesman with limited authority and power. While the fact of agency cannot be proven by the acts and declarations of the alleged agent, the same are admissible, if there is independent evidence of the agency, to show whether the alleged contract was in fact made by the agent, holding himself out as such. *Auwarter v. Kroll*, 89 Wash. 347, 154 Pac. 438.

There was independent evidence of the agency of McJames and, in fact, his agency is not denied. The contention is only that his authority was limited and did not go to the kind of a transaction involved between him and respondent. When the fact of agency be otherwise *prima facie* established, the acts and declarations of the agent become admissible in corroboration. *Lemcke v. Funk & Co.*, 78 Wash. 460, 139 Pac. 234, Ann. Cas. 1915D 23. The evidence of the Whartons, therefore, as to the statements and declarations made to them by McJames was admissible.

Moreover, there was evidence on behalf of respondent of ratification of the transaction made by McJames, by appellant. It is beyond all question that McJames

obtained the signature of respondent to the instruments, including the note, and that he delivered the note so signed to appellant, who received and kept it, and confirmed its title to the note by transferring the same to another. For the purpose of obtaining the note and other instruments, McJames certainly acted as the representative of appellant, and undoubtedly it accepted the fruits of his act. It cannot do this without being subject to the conditions upon which he obtained the instruments, whether he had authority or not to make or agree to these conditions.

Where the agent procures the signature of a third person to a note payable to his principal, payable on certain conditions, the principal by accepting it takes the note upon the conditions obtained by the agent, whether or not the agent had authority to make or agree to such conditions. 21 R. C. L. § 99, pp. 919, 920, 921; *Wheeler & Wilson Manufacturing Co. v. Aughey,* 144 Pa. St. 398, 22 Atl. 667, 27 Am. St. 638.

The above principles alone would render competent the declarations of the alleged agent to the adverse party. *Lemcke v. Funk & Co., supra.* The contentions of appellant are, therefore, untenable.

Judgment affirmed.

MAIN, C. J., BRIDGES, MACKINTOSH, and MITCHELL, JJ., concur.