(October 17, 1924.)

LEON J. CHAPMAN, Respondent, v. A. RIVAS and JOSE FERNANDEZ, AMBROSIA BELCUNZE and JUAN YROZ, Doing Business as a Copartnership Under the Firm and Style Name of A. RIVAS COMPANY, Defendants; JOSE FERNANDEZ, Appellant.

[229 Pac. 745.]

CONFLICT OF TESTIMONY—VERDICT OF JURY—INSTRUCTIONS.

1. If there is a conflict of testimony the judgment will not be reversed if there is substantial testimony to sustain the verdict of the jury.

2. Instructions examined and *held* not erroneous.

APPEAL from the District Court of the Sixth Judicial District, for Bingham County. Hon. Ralph W. Adair, Judge.

Action on a promissory note. Judgment for plaintiff. *Affirmed.*

P. C. O'Malley and Whitcomb, Cowen & Clark, for Appellant.

Jones & Stevens, for Respondent.

Counsel cite no authorities on points decided.

DUNN, J.—This is an action on a promissory note in the sum of $400, commenced by respondent against A. Rivas and Jose Fernandez, doing business under the firm name of A. Rivas Company. After the commencement of the action Ambrosia Belcunze and Juan Yroz were made parties defendant. The note was executed by A. Rivas, in the name of A. Rivas Co., to the First National Bank of Blackfoot. It has been transferred to respondent for the purpose of collection. No service was made or attempted upon any of the defendants except Jose Fernandez, appellant herein.

The complaint alleged that defendants were engaged in the sheep business under the firm name of A. Rivas Company and that the note was executed for the purpose of borrowing money for the use of the alleged copartnership. It is sought in this action to hold appellant liable as a member of the copartnership. Appellant answered denying that he was a member of the copartnership; denying that A. Rivas had any authority to execute the note and alleging that the bank knew that he had no authority to execute the note in question. Appellant alleged that he engaged in the farming business with A. Rivas, but that A. Rivas had no authority to borrow money for the partnership, and that such farming operations had ceased some time prior to the execution of the note.

The cause was tried by the court with a jury. A verdict was returned in favor of respondent and judgment was entered thereon. This appeal is taken from that judgment and from the order overruling a motion for a new trial.

Appellant assigns numerous errors, but confines his argument to the insufficiency of the evidence to support the judgment and to alleged errors on the part of the trial court in giving certain instructions to the jury. It will be necessary for us to consider only the assignments relating to these two propositions. (*State v. Brockman, ante*, p. 468, 228 Pac. 250; *State v. Lundhigh*, 30 Ida. 365, 164 Pac. 690.)

The matter of the execution of the note and that of the existence of the partnership were questions of fact properly submitted to the jury, and an examination of the record shows conflicting but ample evidence to sustain the finding of the jury on these two matters. (*Bedal v. Smith*, 36 Ida. 797, 214 Pac. 213; *Woodland v. Hodson*, 35 Ida. 514, 207 Pac. 715.)

We have examined the instructions to which appellant objects and find no error therein.

The judgment is affirmed, with costs to respondent.

McCarthy, C. J., and Budge and Wm. E. Lee, JJ., concur.