(December 9, 1925.)

HARRY KELLY, Respondent, *v.* WILLIAM ARAVE, Appellant.

[243 Pac. 366.]

APPEAL AND ERROR—REVIEW—VERDICT—SUFFICIENCY OF EVIDENCE—CONFLICT—AFFIRMANCE.

    1. Where there is a conflict in the evidence, and substantial evidence to support the verdict, it will not be set aside on appeal.

    2. Evidence examined, and *held* to be sufficient to support the verdict.

APPEAL from the District Court of the Sixth Judicial District, for Lemhi County. Hon. Ralph W. Adair, Judge.

Action for agreed rental of pasture land.  Judgment for plaintiff.  *Affirmed.*

E. M. Holden and C. E. Crowley, for Appellant.

The evidence is not sufficient to support a verdict or judgment for respondent.  (*Quayle v. Ream,* 15 Ida. 666, 99 Pac. 707; *Wilson v. Vogeler,* 10 Ida. 599, 79 Pac. 508; 1 Abbott's Trial Evidence, 3d ed., 787, sec. 11; *Schultz v. Jordan,* 141 U. S. 213, 11 Sup. Ct. 906, 35 L. ed. 705.)

The verdict and judgment will be reversed where the evidence is insufficient to support or sustain the same.  (*Buster v. Fletcher,* 22 Ida. 172, 125 Pac. 226; *Quayle v. Ream, supra; Wilson v. Vogeler, supra.*)

E. H. Casterlin, for Respondent.

A verdict on substantially conflicting evidence will not be disturbed.  (*Davidson Grocery Co. v. Johnston,* 24 Ida. 336, Ann. Cas. 1915D, 542, 133 Pac. 929.)

In case of conflict, if there is evidence in the record which, if uncontradicted, would support the judgment, the judgment will be affirmed.  (*Singh v. McKee,* 38 Ida. 656, 225 Pac. 400; *Fritcher v. Kelly,* 34 Ida. 471, 201 Pac. 1037.)

A judgment will not be reversed where the evidence is conflicting and there is substantial evidence to support the verdict of the jury.  (*McMahon v. Cooper,* 23 Ida. 413, 130 Pac. 456; *Friedrich v. Donahue,* 20 Ida. 92, 116 Pac. 1029.)

TAYLOR, J.—Plaintiff instituted this action to recover the sum of $500 and interest, alleged to be the agreed rental of certain pasture land leased to defendant in November, 1919, for a term extending from that time until the following April.  At the trial, plaintiff introduced evidence tending to prove that he sold the pasture to Earl Arave, defendant's son, as the agent of defendant.  The defendant admitted the purchase by Earl Arave, but denied that he was acting as defendant's agent, and introduced evidence tending to prove that Earl Arave, with

two others, was in business for himself; that he was not, nor did he represent himself to be, defendant's agent; and that defendant did not hold Earl Arave out to plaintiff or anyone else as his agent. At the close of plaintiff's evidence, defendant made a motion for nonsuit, which was denied. This was renewed at the close of all the evidence, and again denied. Defendant also moved for a directed verdict, which was denied. The jury returned a verdict for plaintiff for $575.83, and from the judgment rendered thereon this appeal is taken.

Appellant specifies as error the denial of his motion for nonsuit, and the denial of his motion for a directed verdict, and contends that the evidence is insufficient to support the verdict.

It is not disputed that the pasture was sold and delivered to Earl Arave. The question is whether Earl Arave was acting as defendant's agent. Plaintiff testified that Earl Arave, at the time he purchased the pasture, represented himself as acting for defendant. This Earl Arave denied. Defendant argues that evidence of agency was inadmissible because it was not alleged in the complaint. The fact that agency was not alleged in the complaint was no bar to its proof, and recovery on the fact.

John H. Coles had been the owner of the farm which Earl Arave was operating. Coles listed this farm with plaintiff, who was a real estate broker as well as a farmer, for sale. In January, 1919, Earl Arave and Ray France, copartners, entered into a contract with Coles, plaintiff acting as broker and mediator, whereby Earl Arave and Ray France took an option, for the consideration of $1,000, which Earl Arave paid, to purchase the farm for the sum of $60,000, the initial payment to be $15,000, and the balance to be secured by a mortgage from the grantees to the grantor for $45,000. It was agreed that, in the event the copartners elected to purchase the farm, the consideration for the option, $1,000, should be credited on the initial payment of $15,000.

It appears that Earl Arave and Ray France were not able to procure enough money to make the first payment of $15,000, and they took Frank Arave, a brother of Earl, in with them as a third partner, and the three young men, acting through Earl Arave, who assumed the office of manager of the copartnership, entered into an oral agreement with defendant, his father, whereby defendant advanced $14,000, the balance due on the initial payment, and took title to the farm in his own name, giving back to Coles a mortgage for $45,000, the balance of the purchase price. Defendant's contention is that he then turned the farm over to the three copartners, under an agreement that the latter would operate it, and pay, out of the ranch, all expenses, taxes and the interest on the $45,000 mortgage indebtedness to Coles, and repay him the $14,000 which he had advanced, with eight per cent interest, as they were able, and also assume and pay the $45,000 mortgage indebtedness to Coles; that when the sum of $14,000, which he had advanced, and interest, was repaid, defendant would convey the legal title to the three copartners, subject, of course, to the $45,000 mortgage; that if the copartners failed to make good on the farm, they would surrender possession to defendant; but that, during the period of their occupancy, all moneys realized from the farm, over and above expenses, interest and taxes, and what payments on the principal sums they chose to make, were to be the property of the copartners. The copartners entered into possession of the farm in February, 1919.

There are various theories under which plaintiff might recover in this action, and to which the evidence adduced is in some measure adaptable. The jury found in favor of plaintiff, and if, therefore, there is any competent and substantial evidence to support any of these theories, the judgment must be affirmed, since it will be presumed that the jury found on such theory.

There was considerable evidence, especially of Earl Arave, as to the manner of transacting the business of the ranch, how the ranch and chattels were dealt with, and as to the

agreement alleged between the copartners and defendant. Earl Arave testified that the ranch was paying the expenses of feeding and pasturing the cattle; that the expenses were to come out of the ranch; that any money from the sale of cattle was to go to pay the expenses; that he had paid for hay with money from the sale of cattle; that, as to another bill of expense, he had told the creditor that his father would pay it, and that the father did so; that, in the same winter of 1919–1920, his father paid by check for hay purchased from one Bennie Smith for the cattle; that in 1919, he borrowed money to pay expenses, and sold cattle to pay the indebtedness thus incurred; that, in January, 1920, he sold some cattle and the check was given to his father, the defendant, and that bills of 1919 were paid out of that money; that, in December, 1919, or January, 1920, defendant signed a note with Earl Arave for $2,800, for money borrowed to pay indebtedness of the ranch contracted in 1919; and that defendant paid $90 interest on that note, and signed a renewal thereof.

While the statement of Earl Arave that he was buying the pasturage for his father and that his father would pay for it, standing alone, was not competent to establish the agency, it was admissible, where there was other independent evidence tending to establish the agency, to show whether the contract was in fact made by the agent, holding himself out as such. (*Wharton v. Tierney-Toner Co.*, 126 Wash. 216, 217 Pac. 998; 2 C. J., p. 939, sec. 695.) There was other and ample evidence from which the jury might have found that there was an agency.

Defendant complains of evidence received that he promised to pay this bill after it was contracted, in that any such promise was within the provisions of C. S., secs. 7976 and 7977, and that evidence thereof must be in writing. True, this evidence would not be binding in a suit brought to enforce a promise to pay the debt of another, that is, the debt of the men operating the ranch, but it was admissible as evidence that the defendant considered or treated the debt as his own, to support other

evidence of authorization. Moreover, if there was an apparent, though no proof of an actual, agency, at the time the pasture was purchased, of which defendant knew, the promise to pay the debt might have been deemed by the jury as an admission of an actual agency, or ratification of the assumed agency.

The motions for nonsuit and a directed verdict were properly denied. There was a conflict in the evidence, and substantial evidence to support the verdict, and it will not be set aside. (C. S., sec. 7170; *Chapman v. Rivas*, 39 Ida. 718, 229 Pac. 745.)

The judgment is affirmed. Costs to respondent.

William A. Lee, C. J., and Wm. E. Lee and Givens, JJ., concur.

Budge, J., dissents.


(February 1, 1926.)

ON PETITION FOR REHEARING.

TAYLOR, J.—On a petition for rehearing, we have again carefully examined the record in this case, and find no reason to change our former opinion. The points most urgently insisted upon by appellant in the petition, that the court erred in denying his motion to compel respondent to elect between an action for an agreed price and an action for reasonable value, and his motion for judgment notwithstanding the verdict, were not specified in his brief as error.

Appellant argues that the jury might have considered the oral evidence admitted that appellant promised to pay this indebtedness after it was contracted, as a promise on the part of appellant to pay the debt of Earl Arave and his associates, and that although such evidence was adaptable to the theory of an authorized or ratified agency, the jury might have based their verdict on the application of such evidence to the theory of a promise to pay the debt of an-

other, as to which such evidence was incompetent because not in writing. This is answered by the fact that instruction No. 10 fully explains the proof necessary to support a promise to answer for the debt of another, and we cannot presume that the jury disregarded that instruction.

A rehearing is denied.

William A. Lee, C. J., and Wm. E. Lee and Givens, JJ., concur.

Budge, J., dissents.