H. H. BOOMER, Respondent, v. JAMES ISLEY and L. ISLEY, Appellants.

[246 Pac. 966.]

APPEAL AND ERROR—ORDER GRANTING NEW TRIAL—CHATTEL MORT-GAGES—DISPOSAL OF MORTGAGED PROPERTY WITHOUT FORECLOSURE.

1. Order granting new trial will not be disturbed on appeal where there is substantial conflict in evidence.

2. If mortgagee takes possession of mortgaged property and fails to follow statutory requirements with regard to sale of chattels by disposing of them otherwise than by foreclosure, it would amount to conversion and release mortgagor from lia-bility for deficiency.

---

Publisher's Note.

1. See 2 R. C. L. 217.
2. See 5 R. C. L. 465.

See Appeal and Error, 4 C. J., sec. 2813, p. 832, n. 47; sec. 2816, p. 833, n. 57; p. 834, n. 59; sec. 2874, p. 905, n. 31.

Chattel Mortgages, 11 C. J., sec. 284, p. 589, n. 8; sec. 324, p. 617, n. 88.

APPEAL from the District Court of the Sixth Judicial District, for Lemhi County. Hon. Ralph W. Adair, Judge.

Action on promissory note. Judgment for defendants. Defendants appeal from order granting new trial. *Affirmed.*

L. E. Glennon, for Appellants.

"Where there is a substantial conflict in the evidence, an order of the trial judge granting a new trial will not be disturbed on appeal." (*Buckle v. McConaghy,* 12 Ida. 733, 88 Pac. 100; *Wolfe v. Ridley,* 17 Ida. 173, 20 Ann. Cas. 39, 104 Pac. 1014; *Penninger Lat. Co. v. Clark,* 20 Ida. 166, 117 Pac. 764.)

"The discretion of the court, however, in granting or refusing a new trial should be a legal and not an arbitrary discretion, and should be exercised in conformity with the spirit of the law and in such a manner as will subserve rather than impede or defeat the ends of justice, and in considering and determining such notion, technicalities should be avoided." (*Baillie v. City of Wallace,* 22 Ida. 702, 127 Pac. 908; 2 Hayne, New Trial and Appeal, sec. 289; *Sovereign Camp Woodmen v. Thiebaud,* 65 Kan. 332, 69 Pac. 348; *Watt v. Stanfield,* 36 Ida. 366, 210 Pac. 998.)

By taking possession of the mortgaged chattels and converting them to his own use or disposing of them in some other manner than that prescribed by law, even though it be by virtue of a provision in the mortgage authorizing it, the mortgagee thereby satisfies the mortgage debt in full and forfeits his right to maintain an action at law, or otherwise, for the deficiency. (*Nat Exch. Bank v. Holman,* 31 S. C. 161, 9 S. E. 824; *Harper v. Gordon,* 128 Cal. 489, 61 Pac. 84; *Ely v. Williams,* 6 Cal. App. 455, 92 Pac. 393; *Rein v. Callaway,* 7 Ida. 634, 65 Pac. 63; *Advance Thresher Co. v. Whiteside,* 3 Ida. 64, 26 Pac. 660; *Mitchell, Lewis & Staver Co. v. O'Neil,* 16 Wash. 108, 47 Pac. 235; Jones on Chattel Mortgages, sec. 711.)

Opinion of the Court—William A. Lee, C. J.

E. H. Casterlin and Whitcomb, Cowen & Clark, for Respondent.

Where there is a substantial conflict in the evidence, an order of the trial judge granting a new trial will not be disturbed. (*Domico v. Casassa*, 101 Cal. 411, 35 Pac. 1024; *Lyon v. Aronson*, 140 Cal. 365, 73 Pac. 1063; *Houghton v. Market St. R Co.*, 1 Cal. App. 576, 82 Pac. 972; *Martin v. Markarian & Co.*, 1 Cal. App. 687, 82 Pac. 1072; *Cable v. Byrne*, 38 Minn. 534, 8 Am. St. 696, 38 N. W. 620; *Butte & B. Min. Co. v. Societe Anonyme des Mines de L.*, 23 Mont. 177, 75 Am. St. 505, 58 Pac. 111; 21 R. C. L. 859, note 14; 10 Ency. of Evidence, 14; *Adams v. Smith*, 58 Ill. 417; *Kent v. Lawson*, 12 Ind. 675, 74 Am. Dec. 233.)

Instruction No. 10, given to the jury by the court, did not correctly state the law governing the proof of agency to the great prejudice of the plaintiff-respondent. Agency can be proven by the testimony of the agent alone.

In this case, because of the affirmative defenses pleaded by the respondent, two material issues were tried, while the verdict was a general one, and in such cases an erroneous charge upon any one of the issues would vitiate such general verdict. (*Funk v. St. Paul City R. Co.*, 61 Minn. 435, 52 Am. St. 608, 63 N. W. 1099, 29 L. R. A. 208; *Barrett v. Magner*, 105 Minn. 118, 127 Am. St. 531, 117 N. W. 245; *Ball v. Hooten*, 85 Ill. 159.)

WILLIAM A. LEE, C. J.—This is an appeal from an order of the district court of the sixth judicial district in and for Lemhi county, granting plaintiff a new trial. The action was to recover on a promissory note given by the Isleys to plaintiff for the principal sum of $20,050. The complaint alleged the execution of the note by the Isleys to plaintiff; that it was secured by a chattel mortgage on about 1,100 head of sheep but did not include the accretions or increase, or the wool; that in 1920, defendants with the consent of plaintiff sold this mortgaged property and applied the proceeds of the sale to the mortgage indebtedness evidenced by

the note; that all of said security had been disposed of or had become valueless without any act of plaintiff; admitted payments had been made on the note and prayed for a deficiency judgment.

The answer admitted the execution of the note and mortgage, but denied that defendants had disposed of the mortgaged property or directed that the proceeds of the sale should be applied to the indebtedness, or that any proceeds had been applied to the indebtedness at the direction or with the consent of defendants; denied that defendants had made any payments except $400 made February 8, 1919, but alleged full payment of the note in the manner thereinafter specified, and denied that there is anything due on the note and the right to recover attorney's fees.

By way of affirmative defense, defendants alleged that in April, 1920, plaintiff demanded possession of all of the mortgaged property and that the same was delivered to him, together with certain other property belonging to defendants not covered by the mortgage of the value of $1,200; that plaintiff leased these sheep to one Fred Hale without the consent of defendants and caused the sheep to be taken out of the state, but that defendants were not informed as to what disposition was made of these sheep, the same not having been sold by defendants or with their knowledge or consent; and that no proceedings of any kind were ever had for the foreclosure of the chattel mortgage, except that plaintiff took possession of such mortgaged property.

As a second defense, defendants alleged that on December 15, 1914, appellant James Isley entered into a contract with plaintiff and his wife to purchase certain lands and thereupon, defendants entered into possession and continued in possession to the time of the commencement of this action; that in July, 1922, while this sale contract was in force, plaintiff and defendant orally agreed that if defendants would relinquish all right or claim of title to said real property, plaintiff would cancel all indebtedness of every kind whatsoever owing to him from defendants; that defendants

permitted plaintiff to deed this land to one Frank B. Babcock, with the growing crops thereon, and that at the time of such relinquishment the land and crops were worth $50,000; and that plaintiff thereafter refused to cancel this indebtedness.

The cause was tried by the court with a jury and it returned a general verdict in favor of defendants. Plaintiff, moved for a new trial on the grounds that (1) the evidence was insufficient to justify the verdict of the jury; (2) that the instructions were erroneous and prejudicial. The court granted the motion upon the ground that the evidence was insufficient to justify the verdict, and for the further reason that the instructions given to the jury at the trial were erroneous and prejudicial to the rights of plaintiff.

From this order, defendants appeal and assign as error that the court erred in granting a new trial herein on the grounds (1) that the evidence was insufficient to justify the verdict; (2) that erroneous instructions had been given which prejudiced the rights of plaintiff; and (3) in granting a new trial upon any ground or for any reason.

[1] Counsel for appellants concede that the correct rule with regard to trial courts in granting new trials is: "Where there is a substantial conflict in the evidence, an order of a trial judge granting a new trial will not be disturbed on appeal," and cite in support of this rule, *Buckle v. McConaghy*, 12 Ida. 733, 88 Pac. 100; *Wolfe v. Ridley*, 17 Ida. 173, 20 Ann. Cas. 39, 104 Pac. 1014; *Penninger Lateral Co. v. Clark*, 20 Ida. 166, 117 Pac. 764, all of which authorities, as well as many other decisions of this court announce this general rule. But counsel for appellants contend that this rule should be considered and applied to every case, in connection with what this court said in *Baillie v. City of Wallace*, 22 Ida. 702, 127 Pac. 908, where, at page 709, this court, with reference to the application of the rule, used the following language:

"The discretion of the court, however, in granting or refusing a new trial should be a legal and not an arbitrary discretion, and should be exercised in conformity with the

spirit of the law and in such manner as will subserve rather than impede or defeat the ends of justice, and in considering and determining such motion, technicalities should be avoided."

Counsel very earnestly urge that the trial court did not exercise a legal discretion in granting a new trial in the instant case and that its order so doing was not in conformity with law and will not subserve the ends of justice, that this discretion exercised by the court below, when applied to the facts of this case, shows that it was not the exercise of a sound judicial discretion guided by law.

Counsel refer to Hayne on New Trial and Appeal, vol. 2, sec. 289, wherein that author attempts to point out when the granting of a new trial may constitute reversible error, by saying, in effect, that not only must there be a legal ground or excuse in support of the exercise of discretionary power, but there must be some fact or reason against the same, otherwise there would be no basis for an exercise of discretion. If this should not be the case, it would be an abuse of discretion and the appellate court would reverse the judgment, that while this may not be a very precise rule when interpreted in the light of the circumstances of each case, it is of practical value and prevails in all courts where the common law is the rule of decision. This is substantially the same rule announced by this court in the recent case of *Watt v. Stanfield,* 36 Ida. 366, 210 Pac. 998.

[2] Appellants insist there is no material conflict in the evidence as it relates to the contention of respondent and the first affirmative defense of appellants, except on the question of agency, and therefore, the only question in dispute is, whether the witness Peter McKinney was acting as the agent of appellants in these various transactions covering the sales of the sheep and wool, and contend there is no evidence that appellants ever authorized McKinney or Hale, or anyone else, to act as their agent in the sales of the sheep, lambs and wool, and that if neither Hale nor McKinney was authorized by appellants to act in the leasing and subsequent sales of these sheep, and the sending

of the proceeds of such sales to respondent Boomer, where the same were applied on the mortgage indebtedness, then they must have been acting as the agents of respondent, because he was advised regarding all of these transactions and by his conduct approved and ratified such acts and could not thereafter maintain an action to recover the alleged deficiency on the mortgage indebtedness. Both parties to this action concede that if respondent took possession of these sheep by virtue of the mortgage upon them and thereafter failed to follow the statutory requirements with regard to the sale of chattels under a mortgage by disposing of the same otherwise than by a foreclosure, that it would amount to a conversion of the mortgaged property by a mortgagee that would release the mortgagor from any liability for a deficiency.

With regard to the error predicated upon the second affirmative defense that respondent had agreed to release appellants from all liability upon this note, as well as every other obligation which they owed to respondent, in consideration of their having surrendered to him the premises they were holding under their contract of sale, appellants' counsel concede that there is a conflict of testimony with regard to this transaction and hence the action of the court in granting a new trial, if it stood upon this second affirmative defense, could not be error, thereby conceding the well-settled rule that error cannot be predicated upon the trial court's granting a motion for a new trial where there is a substantial conflict in the evidence.

It is therefore apparent that as to whether or not there is such a conflict in the evidence, that is, as to who Hale and McKinney were acting for in the subsequent sales of these sheep, will be determinative of whether the court exercised judicial discretion in the matter of granting a new trial. Appellants contend there is no evidence in the record warranting the assumption that either Hale or McKinney was acting as their agent in the disposal of these sheep and crediting the proceeds derived from the sales upon the mortgage indebtedness. Respondent is equally as insistent

that there is no evidence whatever that they were acting as his agents or in any manner under his direction or control, and that he merely received the proceeds of the various sales of these animals, principally made by the witness McKinney, from McKinney as agent of appellant, the mortgagor, and credited the same upon the mortgage indebtedness as he was bound to do under the terms of the mortgage, he having consented to the disposal of the property covered by the mortgage in this manner, instead of having them sold under foreclosure proceedings.

We do not think it would serve any useful purpose to review the testimony pertaining to this part of the transaction and endeavor to point out in favor of which party it preponderates. It was properly a question of fact to be determined by the jury under proper instructions. The jury, by its general verdict, may have concluded that Hale or McKinney were acting as the agents of respondent, but the question of agency was submitted to the jury under instructions that might have influenced the verdict, which instructions, to say the least, were not entirely applicable to the facts. In any event, there is a conflict in the evidence with regard to this fact, and we are not able to say, as a matter of law, that the court below, in the exercise of a judicial discretion, was not warranted in granting plaintiff a new trial. Certainly there was a substantial conflict in the evidence as to this question warranting the assumption that the court, in granting this motion, was not governed by an arbitrary, vague and fanciful humor, but was well within the rule that a court may in its discretion, grant a new trial where there is a substantial conflict in the evidence.

The obligation sued upon was, exclusive of interest, costs and attorney's fees, $20,050. There is no claim that in the subsequent sales and disposition of these sheep they were not sold for their full value, and that the disposition made of them by Hale and McKinney was not such as to yield their full value. There is no contention by appellants that had these men been acting for them, as the men themselves claim to have been, they could have disposed of these sheep

more advantageously to appellants' interest than was done. The entire proceeds received amounted to only a fraction of the total indebtedness, the deficiency judgment prayed for being $17,342,26, exclusive of interest, costs and attorney's fees. These facts, when considered in connection with the testimony relating to the time when appellants turned over the control and management of these sheep to Hale and McKinney, we think were sufficient to warrant the court in the exercise of a legal discretion, to grant a new trial and the order granting such new trial is accordingly affirmed, with costs to respondent.

Wm. E. Lee, Budge, Givens and Taylor, JJ., concur.