(January 7, 1927.)

## JOSEPH LA ROCQUE, Respondent, v. ED ALHO, Appellant.

[252 Pac. 675.]

VERDICT ON CONFLICTING EVIDENCE—DEDUCTION OF CONCEDED COUNTERCLAIM FROM VERDICT—IRREGULARITY OF VERDICT—ALLEGED RESORTING TO CHANCE—REMEDY BY MOTION FOR NEW TRIAL—COSTS.

1. Verdict supported by sufficient evidence will not be set aside, although evidence was conflicting.

2. Under C. S., sec. 6446, verdict of jury should be reduced in amount of counterclaim, which plaintiff conceded should be deducted.

3. Where appellant contends that verdict was arrived at by resorting to chance, motion for new trial should have been made, and affidavits filed, in accordance with C. S., secs. 6888, 6889.

4. Where respondent at all times conceded deduction from judgment of amount by which it was reduced on appeal, costs will be awarded to respondent.

APPEAL from the District Court of the First Judicial District, for Shoshone County. Hon. Albert H. Featherstone, Judge.

Action on oral contract. Judgment for respondent. *Affirmed.*

Lester S. Harrison, for Appellant.

"The general rule that this court will not reverse a judgment where there is a conflict in the evidence does not apply where the evidence is conflicting upon a matter or question which under all the proof is shown not to be the controlling question which governs the right of recovery." (*Breshears v. Callender,* 23 Ida. 348, 131 Pac. 15; *Grisinger v. Hubbard,* 21 Ida. 469, Ann. Cas. 1913E, 87, 122 Pac. 853, 859.)

Where there is some slight testimony to support a verdict, it must be such as is reasonable. (*Spencer v. John,* 33 Ida. 717, 197 Pac, 827; *Idaho Mercantile Co. v. Kalanquin,* 8 Ida. 101, 66 Pac. 933.)

"If verdict is excessive and not supported by the weight of evidence, judgment passed thereon is reversed and cause remanded." (*Meadows v. Jones,* 17 Ariz. 104, 148 Pac. 874; *Galligan v. Luther,* 54 Colo. 118, 128 Pac. 1123.)

When it appears that the jury has clearly disregarded the law as laid down by the court, its verdict should be set aside. (*Limburg v. German Fire Ins. Co.,* 90 Iowa, 709, 48 Am.

Publisher's Note.
1. See 2 R. C. L. 194.
2. See 2 R. C. L. 278.
4. See 7 R. C. L. 802.

See Appeal and Error, 3 C. J., sec. 899, p. 984, n. 10 New; 4 C. J., sec. 2836, p. 859, n. 8; sec. 3170, p. 1158, n. 23.
Costs, 15 C. J., sec. 623, p. 253, n. 90.

St. 468, 57 N. W. 626, 23 L. R. A. 99; *Quayle v. Ream,* 15 Ida. 666, 99 Pac. 707; *Grisinger v. Hubbard, supra; Frankhouser v. Neally,* 8 Kan. App. 822, 57 Pac. 980; *Thompson v. National Cable & Mfg. Co.,* 160 Iowa, 403, 141 N. W. 912.)

James A. Wayne, for Respondent.

The evidence was conflicting but there was substantial evidence to support the verdict, and therefore the verdict will not be set aside. (C. S., sec. 7170; *Larsen v. McKenzie,* 41 Ida. 715, 241 Pac. 607; *Kelly v. Arave,* 41 Ida. 723, 243 Pac. 366; *Nelson v. Johnson,* 41 Ida. 697, 243 Pac. 647; *Eastwood v. Schultz,* 42 Ida. 118, 243 Pac. 653.)

The charge that a verdict is excessive should be raised on motion for a new trial; and then an excessive verdict will be set aside only when shown to have been rendered under the influence of passion or prejudice. (C. S., sec. 6888.)

The verdict is supported by the evidence and is not excessive, under the rule that the prayer is no part of the complaint, and that plaintiff was entitled to any verdict consistent with the case made out by him upon the trial. (C. S., sec. 6829; *Idaho Irr. Co. v. Dill,* 25 Ida. 711, 139 Pac. 714; *Dunn v. Stufflebeam,* 17 Ida. 559, 106 Pac. 1129; *Burke Land Co. v. Wells Fargo Co.,* 7 Ida. 42, 60 Pac. 87; *Dover Lumber Co. v. Case,* 31 Ida. 276, 170 Pac. 108; *Hardy v. La Dow,* 72 Kan. 174, 83 Pac. 401; *Board of Commrs. v. Reynolds,* 44 Ind. 509, 15 Am. Rep. 245.)

The charge of irregularity in the proceedings of a court, judge or adverse party cannot be raised for the first time in appellant's brief on appeal. It must be raised on motion for a new trial, and must be supported by affidavits. (C. S., secs. 6888, 6889.)

GIVENS, J.—Respondent instituted this action to recover $378 for the rental of two teams, three sets of sleighs and for expenses incurred by him in caring for one of the teams because of improper care by appellant, claimed to be due pursuant to an alleged oral contract which was in effect

that appellant should feed and properly care for the horses and have the right to use them in the city of Kellogg in connection with his transfer business for nothing, but that if appellant used the teams outside of Kellogg for any work, or rented or contracted them, then appellant was to pay $40 per month for each team, and $1 per day for each set of sleighs. Respondent alleged that appellant did not use the teams in Kellogg but rented and contracted them to various persons. Appellant denied he was to pay anything for the horses or sleighs and counterclaimed for $228.26 for goods sold and delivered.

The jury returned a verdict for respondent for $378, together with costs upon which judgment was entered.

[1] Though improperly designated, appellant evidently meant to make three assignments of error, namely, that the evidence is insufficient to support the verdict—the particulars wherein it is insufficient not being pointed out; that the verdict was excessive; and that the verdict was irregularly arrived at.

It would serve no purpose to review the evidence which, though conflicting, was sufficient to support the verdict; hence so far as that ground is concerned the verdict will not be set aside. (*Kelley v. Arave,* 41 Ida. 723, 243 Pac. 366; *Eastwood v. Schultz,* 42 Ida. 118, 243 Pac. 653.)

[2] Upon the trial appellant admitted that all but $31.07 of his counterclaim had been settled and respondent conceded that $31.07 was due and might be deducted from his claim. After the jury was instructed a verdict was returned for the entire amount sued for, namely, $378, whereupon the court said:

"I think you gentlemen have made a mistake. La Rocque concedes that $37.07 should be deducted from his claim against Mr. Alho. You better take the verdict and return to the jury-room and reform it."

The second verdict returned was in the same amount as the former, namely, $378. It is conceded by respondent that it may have been that the jury overlooked appellant's counterclaim of $31.07 and also the interest on plaintiff's claim which was prayed for and recites in his brief:

"And if this be the view taken by this court, then the plaintiff will not object to the allowance of this sum of $31.07 in reduction of the judgment; this upon the theory that the plaintiff conceded such item and has no desire to recover more than he is entitled to."

The verdict should be reduced in the amount of the conceded counterclaim.   (C. S., sec. 6446.)

[3]   Appellant's contention that the verdict was irregular is as follows:

"Verdict arrived at by resorting to chance, should be set aside."

What irregularity or chance there was is not stated and there was no evidence as to the same. No motion for a new trial was made and no affidavits asserting that the verdict was arrived at by a resort to the determination of chance or that it was irregular were filed in accordance with C. S., secs. 6888 and 6889, or otherwise; consequently there is no foundation for this assignment.

[4]   The judgment is ordered modified by deducting therefrom $31.07 and affirmed as modified. Since respondent at all times conceded the $31.07 should be deducted, costs are awarded to respondent.

Wm. E. Lee, C. J., and Budge, Taylor and T. Bailey Lee, JJ., concur.