(No. 5403. July 18, 1929.)

WALTER C. BROOKS, Respondent, v. LEWISTON BUSINESS COLLEGE, INC., and FRED L. ULEN, Appellants.

[282 Pac. 378.]

Fred J. Babcock and Cox & Martin, for Respondent.

Tannahill & Leeper, and Jas. F. Ailshie, for Appellants.

VARIAN, J.—Appeal from an order denying motion for a new trial. Plaintiff (respondent) had judgment November 2, 1927. Defendants filed notice of intention to move for new trial November 12, 1927. Although the record filed April 20, 1929, does not so show, time for filing affidavits was extended to January 11, 1928, when appellants' affidavits were filed. Respondent filed one affidavit June 6, 1928, and the motion came on for hearing June 11, 1928, but

was continued "for further hearing." The motion was heard, submitted and denied on January 17, 1929. Reporter's transcript was certified by reporter February 23, 1929 (application and order therefor dated and filed March 2, 1929). Notice of appeal from the order denying a new trial filed March 2, 1929; undertaking filed on March 6, 1929. June 8, 1929, appellants filed motion *in re* diminution of record in this court, to have certified up orders extending time to file affidavits and the following papers filed after the perfection of the appeal herein, to wit: Certificate of trial judge as to papers used on hearing of motion for a new trial, dated April 9, 1929, stipulation of counsel and order settling reporter's transcript, dated and filed April 9, 1929, and affidavit of E. W. Lutz, in opposition to motion, filed at appellants' request in court below June 8, 1929. In connection with the motion are copies of said papers certified by the clerk on June 11, 1929, lodged in this court June 12, 1929. The motion is granted in so far as it refers to the orders extending time and the certificate of the trial judge dated April 9, 1929, and denied as to the other papers enumerated.

Respondent moves to strike the completed transcript, reporter's transcript, and to dismiss the appeal. The reporter's transcript is not properly identified as the one used by the trial judge at the hearing of the motion for a new trial, nor is it settled by the trial judge. The motion to strike the same is granted. No proper certificate of the judge who heard the motion, specifying the records and papers used on the hearing, as required by rule 21 of this court, is found in the record. The statement in the order overruling the motion to the effect that he used certain records and affidavits, and the certificate dated April 9, 1929, do not affirmatively show that the papers enumerated were *all* the papers used by the trial judge in considering the motion. The completed transcript will therefore be stricken.

Having failed to produce a sufficient certificate of the trial judge as to what records, papers and files were used

by him on motion for a new trial, as required by rule 21 (formerly rule 24), the appeal must be dismissed. (*Glenn v. Aultman & Taylor Machinery Co.*, 30 Ida. 719, 167 Pac. 1163; *Spencer v. John*, 33 Ida. 717, 197 Pac. 827; *Douglas v. Kenney*, 40 Ida. 412, 233 Pac. 874.)

(December 5, 1929.)

ON REHEARING.

VARIAN, J.—This motion was first heard at Lewiston at the June, 1929, term. On motion of appellants, a rehearing was had at Coeur d'Alene at the November, 1929, term. Upon further consideration, we still adhere to the former holding as above set forth.

Appeal dismissed. Costs to respondent.

Budge, C. J., and Givens and T. Bailey Lee, JJ., concur.

Wm. E. Lee, J., dissents.