## No. 10,305.

ANDREW DOWNEY, SYNDIC, vs. SUCCESSION OF JOHN HENDERSON.

Demands against a succession which are of long standing, and which could have been paid in the lifetime of the deceased are not regarded with favor. A party presenting them must to overcome the presumption against them, support them with strong and positive testimony. Where a party presenting such a claim went into insolvency and was appointed syndic during the lifetime of the debtor and omitted to place the claim in his schedule of assets, and several years after his death sued on the claim, and gave no satisfactory account of the omission to place the same on his schedule, it will require "peculiarly strong and exceptionally conclusive testimony" to rebut the unfavorable presumption ensuing from the doubt and uncertainty which shrouds it.

APPEAL from the Civil District Court for the Parish of Orleans. *King*, J.

*Geo. L. Bright* for Plaintiff and Appellant.

*Samuel L. Gilmore* for Defendant and Appellee:

1.  A builder's account for labor performed and material furnished on job work is an open account and prescribed by three years.  Article 3538, C. C.
2.  Parol evidence is inadmissible to prove any acknowledgment of a debt by a deceased person in order to take the same out of prescription.  Article 2278, C. C.  Parol evidence is inadmissible to prove an acknowledgment of an open account in order to take the same out of prescription.  Act No. 78 of 1888.
3.  A partnership, formed exclusively for manufacturing purposes, and wherein one partner is to buy for his own account all the products and to make all purchases, is not a commercial partnership, and the admission of a debt by one partner will not take it out of prescription as to the other.  Articles 2825 and 2872, C. C.
4.  No acknowledgment of the debt herein sued on, either oral or written, and no interruption of prescription, is shown in this case.
5.  A stale demand long withheld from prescription or prosecution until he against whom it is preferred has died, is regarded with disfavor.  It must be established, when no hindrance was in the way, with more than reasonable certainty.  The unfavorable presumption created by the delay can be removed only by peculiarly strong and exceptionally conclusive testimony.  Wood vs. Egan, 39 Ann. 684; Cutles vs. Collins, 37 Ann. 95; Bodenheimer vs. Bodenheimer, 35 Ann. 1005; Wilder vs. Franklin's Executor, 10 Ann. 279; Bonaffé vs. Bonaffé, Manning's Unreported Cases, 339.
6.  A man's own declarations on the face of a judicial record are the highest evidence against him.  Delacroix vs. Prevost's Executors, 6 M. 280.

The opinion of the Court was delivered by

McENERY, J.  In the year 1879, during his lifetime, John Henderson employed Andrew Downey, a carpenter and builder, to construct a building and repair another on property owned in the City of New Orleans by Henderson.  Itemized accounts showing the amount of work done were recorded.  In 1883, while Henderson was alive, Downey went into insolvency, and omitted to place on his schedule the amount now claimed from the succession of Henderson.  Henderson died in 1885.  The widow John Henderson, natural tutrix of the several heirs of Henderson, filed a rule on Downey to have the inscription of the lien for labor and materials which he had recorded erased and canceled.  In 1887, Downey filed a petition in his insolvency proceedings, in which he had been appointed syndic, alleging that he had inadvertently omitted to place the claim sued on in his schedule of assets.  He brought suit against the succession of Henderson for the amount.

The demand is stale and was long held from presentation. Henderson was solvent, and no doubt could have easily paid the amount. Presenting the claim so long after his death casts suspicion upon it, and an unfavorable presumption is created by the delay. Wood vs. Eagan, 39 Ann. p. 684.

No satisfactory explanation is made for omitting the claim from the schedule of the insolvent Downey. The plaintiff's claim is shrouded in doubt and uncertainty, and the evidence in the record is not of that strong and positive character to overcome the unfavorable presumption created by the long delay in its presentation and its omission from the schedule of the insolvent Downey, who was the syndic in his insolvent proceedings.

It is unnecessary, therefore, to consider the question of prescription. Judgment affirmed.