MURPHY IRON WORKS v. MARX AND SONS, INC.

———

(March 12, 1928.   Opinion and Decree.)

———

(*Syllabus by the Court*)

1.  **Louisiana Digest—Evidence—Par. 350, 352.   (Refer to Louisiana Digest—Executors and Administrators—Par. 145.)**

Stale claims long withheld from prosecution or presentation are regarded with disfavor and must be established with more than reasonable certainty.

Appeal from the Civil District Court, Division "E." Hon. M. M. Boatner, Judge.

Action by John H. Murphy Iron Works, Inc., against A. Marx and Sons, Inc.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Nicholas Callan, of New Orleans, attorney for plaintiff, appellee.

Lemle, Moreno & Lemle, of New Orleans, attorneys for defendant, appellant.

JONES, J.   The plaintiff sues defendant for $943.67, the price of certain scrap iron which it had sold and delivered. Defendant admitted the sale and the amount due but pleaded as an offset a claim for two certain Niles filter presses received from the Nutriline Milling Company of Crowley, Louisiana, which it alleges it delivered

to the plaintiff, over eleven years previous to the time that the present suit was brought. The claim of A. Marx & Sons, Incorporated, based upon this transaction, was denied by the lower court and judgment was rendered in favor of the John H. Murphy Iron Works, Inc., for the full amount prayed for.

The circumstances under which the claim of A. Marx & Sons, Inc., was brought against John H. Murphy Iron Works, Inc., for the value of two Niles filter presses from the Nutriline Milling Company of Crowley, Louisiana, are such as to require strict proof. The Marx Company, as a defense to an uncontested claim for materials sold and delivered, has sought to establish an offset for the value of two certain filter presses which it alleges were delivered to that Company in 1913. The testimony shows for eight years the Marx Company never claimed that the Murphy Company was indebted to it for these filter presses, and it was not until 1921, over eight years after the alleged transaction, that a claim was made against the Murphy Company. The claim was then rejected because no records of the Murphy Company showed a delivery of the filters. The Marx Company then did nothing for more than three years until this suit was brought against it for an admitted debt.

The negro, Alex. Mobley, who had been assistant foreman of the defendant, was the only witness who pretended to possess any independent recollection. He testified that he had gone to Crowley and loaded the presses on the car; that he had unloaded them in New Orleans, had taken them to defendant's place and had then carried them to Murphy's and had seen the dray receipt signed and taken it back to the Marx Company but it was not produced.

E. J. Ponder, the Marx Company's yard superintendent, George Irvine, the Marx Company's bookkeeper and Isaac Marx himself, admitted that they had no independent recollection, and were compelled to rely upon the entries in the books, which they believed to be correct. These books show that the two presses were placed on a dray and sent to defendant's place of business on the alleged date but there are no proofs they were delivered.

The evidence shows that between 1913 and 1916 or 1917 the Murphy Company bought several filter presses from the Marx Company, all of which had been paid for. That two filter presses around the time which the Marx Company claims to have delivered the two Niles filter presses from the Nutriline Milling Company of Crowley, Louisiana, were in fact, sent to the Murphy Company, but were examined and returned because defective, without being unloaded from the drays which brought them.

Hall, a former employee of the defendant a witness for the Marx Company, testified that he definitely recalled that two filter presses were delivered by the Marx Company to the Murphy Company and stored on the second floor, and that these two filter presses were received during the World War. He did not recall the type of these filters nor their character, but plaintiff's witnesses state that these two filters were not two Niles filter presses from the Nutriline Milling Company of Crowley, Louisiana, but were two Allbright presses which were sold to someone in Porto Rico. Hall further states that prior to the delivery of the two Allbright presses two other presses, the brand of which he did not know, had come to the Murphy Company on drays, but, upon a mere slight inspection, had been rejected and ordered returned to the Marx Company without being unloaded.

3  La. App.

Although the evidence is conflicting, we agree with the lower court that it is not sufficient to establish the claimed set-off.

Stale claims alleged under the circumstances that the Marx Company has advanced must be supported by strict and convincing proof.

"Stale claims, long withheld from prosecution or presentation, are regarded with disfavor, and must be established with more than reasonable certainty. (1855) Wilder vs. Franklin, 10 La. Ann. 279; (1878) Succession of Woods, 30 La. Ann. 1002; (1883) Bodenheimer vs. Bodenheimer, 35 La. Ann. 1005; (1889) Downey vs. Henderson, 41 La. Ann. 489, 6 So. 811; (1898) Succession of Rogge, 50 La. Ann. 1220, 23 So. 933; (1906) Kreumpel vs. McGraw, 4 Orleans App. 8." (3 La. Dig. 145.)

For above reason the judgment is affirmed.